SARAH S. WARD'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, p. 380, sec. 7,) provides that any creditor having a claim of one hundred dollars or more against a non-resident debtor owning property in this state, may institute proceedings in the probate court for the settlement of the same as insolvent estate. Held not necessary that the claim should be described in the petition to the probate court as founded on contract or on a judgment.

The same section provides that if, upon such a petition, the debtor shall pay the debt or secure it to the satisfaction of the court, the proceedings shall be discontinued. Held that security of the claim upon property in another state could not operate of itself to defeat the pro-

ceeding, but could be considered, if at all, only upon the question what security the court of probate should require.

The probate court is not bound to fix a time for the giving of security. It would be proper if reason were shown for it, but the statute does not require it.

It is not important that a court of probate has not followed the order of proceedings directed by the statute, so long as the party appealing has not been injured thereby.

The distributive share of a non-resident in an estate in settlement here is "property in this state" within the meaning of the statute.

[Argued March 12th—decided March 27th, 1885.]

APPEAL from sundry probate decrees with regard to the insolvent estate of one Edward King; taken to the Superior Court in Hartford County and heard before *Beardsley, J.* Facts found and decrees affirmed. Appeal by the appellant. The case is sufficiently stated in the opinion.

*G. G. Sill,* for the appellant.

*C. E. Gross,* for the appellee.

PARK, C. J. This case is a proceeding based on section seven, page 380, of the Revised Statutes, to settle as an insolvent estate that portion of a non-resident debtor's property which is situated in this state.

In order to give the probate court jurisdiction of the subject matter there are four things necessary to be alleged in the complaint and found true by the court. They are as follows:—The creditor must reside in this state; his claim must amount to $100 or more; the claim must be against a non-resident debtor; and the debtor must own property in this state.

These jurisdictional facts are set forth in the complaint and are found by the court. But the appellant insists that it should have been alleged in the complaint that the claim of the plaintiff therein was founded on contract or on the judgment of some court. But the complaint describes the claim with all the particularity required by the statute, and we think it sufficient.

He further insists that the claim of the appellee, being

Ward's Appeal from Probate.

secured in the state of Indiana, no further security could be required by the probate court, and that therefore the proceedings should have been discontinued in the same way as if security had been given in the probate court; the statute providing for such discontinuance where security is given to the satisfaction of the court. But the security in Indiana could be considered, if at all, only on the question of how much security should be required by the probate court. It could not operate of itself to defeat the creditor's proceeding.

The appellant still further claims that the probate court did not observe in its proceedings the order required by the statute. But the order is of no importance provided the appellant was not injured in any of his rights. He was served with notice to appear. He had ample opportunity to do so. The court was adjourned from time to time for the purpose. He has no cause to complain here. It is said that whether the appellant appeared or not, the court should have allowed time for the payment or security of the claim. If the appellant had appeared and asked for time, on the ground that he was not prepared to pay or secure the claim, it would have been very proper for the court to allow his request, although such delay is not required by the statute. But the appellant did not appear. He had more than one month in which to do so. The complaint informed him what was required. He made no effort to be prepared, or even to appear; and certainly the court was not bound to postpone the matter further.

We have no doubt, that the distributive shares of the appellant in the three estates described in the finding of facts, are property in this state belonging to the appellant, within the meaning of the statute. They could be attached to secure a claim. They could be taken in satisfaction of a debt. They could be turned into money, which is the essence of property.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.