MIKE KOCHUK *v.* JOHN LABAHA ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued December 7, 1939—decided January 18, 1940.

*John H. Cassidy,* with whom, on the brief, was *Harold Ashworth,* for the appellant (plaintiff).

*Charles P. Roraback,* for the appellee (defendant The Brooks Bank and Trust Company).

*David Cramer,* for the appellees (defendants Labaha).

AVERY, J. The plaintiff brought this action in three counts asking for damages, an accounting, that a conveyance be set aside, and a deed corrected. Before us the plaintiff has limited his claim to a recovery of damages against the defendant bank for breaches of duty while acting as conservator for the plaintiff. The case was tried to the court and judgment entered for the plaintiff to recover from the defendant bank $1279.15. The essential facts are these: The defendants John and Mary Labaha are husband and wife.

In 1923, John Labaha and the plaintiff purchased for $750 an undivided one-half interest in a farm of about fifty-four acres in Litchfield. The other one-half interest belonged to Mary Labaha. About that time, the plaintiff and the defendants John and Mary Labaha entered into an oral agreement of partnership to operate the farm. The plaintiff had a one-quarter interest, John a one-quarter interest, and Mary a one-half interest. The farm was worked under this agreement and the profits divided upon the basis of the shares owned. About September, 1929, the plaintiff and John Labaha purchased a thirty-four acre tract of pasture land located near the farm for $1000 of which each furnished one-half. This land was thereafter used in the partnership business.

In August, 1935, the plaintiff became ill and unbalanced mentally and was committed to the Hospital for the Insane at Middletown. On November 15th of that year he was declared incompetent by the Court of Probate of Litchfield and the defendant The Brooks Bank and Trust Company was appointed conservator of his estate, accepted the trust, and entered upon its duties as such. The bank was informed by the probate judge that the only property owned by the plaintiff was a small bank account. The book representing this account was sent to The Brooks Bank and Trust Company by the judge and the bank thereupon made and filed an inventory of the same. At this time, the plaintiff in fact owned an undivided one-quarter interest in the real and personal property of the farm and an undivided one-half interest in the thirty-four acre tract of pasture. The reasonable value of the plaintiff's interest in the real estate in May, 1936, was $1000, and in the personal property of the partnership was $350. The plaintiff also, on May 11, 1936, had a deposit of $262.30 in the Waterbury Sav-

ings Bank. The inventory filed in the Litchfield Court of Probate in November, 1935, set forth only the bank account. The defendant bank, as conservator, relied on the statement of the probate judge as to the plaintiff's estate and at that time made no further inquiry or investigation as to any other property owned by him. Shortly after his release, he requested from the bank the return of his bank book, and that his interest in the farm be sold. The defendant bank then first learned of the plaintiff's interest in the farm.

On May 4, 1936, the bank, as conservator, filed an application with the Court of Probate for an order to sell the plaintiff's interest. No inventory or appraisal of that interest had then been filed. Notice of the hearing on the application was published once in the Torrington Register, and on May 11, 1936, the day of the hearing, the Court of Probate authorized the defendant to sell the plaintiff's interest in the land. Subsequent thereto a conference was held at the bank, at which were present the plaintiff and an attorney who spoke his language, John and Mary Labaha, an attorney representing them, and an officer of the bank. The terms of the sale were discussed and as a result of the conference the bank sold at private sale to Mary Labaha the plaintiff's interest in both pieces of land for $1000 and in the personalty for $350. The sale was a fair one at a fair price, and was for the benefit of the plaintiff. Before his commitment the plaintiff received his full share of the profits earned until that time. The sale price for the realty and personalty included an adjustment which was in the nature of an accounting. In the negotiation settling the price of sale, it was agreed that the Labahas assume the debts due from the partnership and by reason thereof the sale price was reduced from $1500 to $1350 as the partnership owed debts at that time of about $300

On the completion of the sale, the bank made return to the Court of Probate, on May 18, 1936. On December 7, 1936, after notice and hearing, the Court of Probate ordered the plaintiff restored to capacity and directed the bank to turn over to him his property in its hands and file its final account. On January 15, 1937, the bank filed its final account as conservator showing the amount of the original inventory, the amount received from the sale of the real and personal property, and several small items, charging itself in all with the receipt of $1649.59; and, against that amount, setting off payments of $477.46, showing a balance due to the plaintiff of $1172.13, for which sum the trial court rendered judgment.

The basic claims of the plaintiff on this appeal are that: (1) the bank negligently failed to ascertain that the plaintiff had an interest in the farm and to cause an inventory and appraisal of that interest to be filed; (2) negligently failed to ascertain that the plaintiff had an interest in the farm partnership and inventory it as a part of the estate; and (3) sold the plaintiff's interest in the farm and personal property under an order of the Court of Probate procured by it when there was no ground for so doing and that the order of sale was invalid because of lack of notice to the plaintiff.

It appears from the finding that no appeal was taken from the final account of the bank as conservator. Conservators are required to account under General Statutes, § 4973. On such an accounting, the Court of Probate has the power and is impressed with the duty to determine all issues involved in the ascertainment of the money or property that the fiduciary is bound in the law to pay or deliver to the person entitled to receive the fund. *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 391, 185

Atl. 82; *State ex rel. Beardsley* v. *London & Lancashire Indemnity Co.*, 124 Conn. 416, 422, 200 Atl. 567. A decree of a Court of Probate if unreversed is conclusive as to all relevant matters embraced therein. *Delehanty* v. *Pitkin*, 76 Conn. 412, 421, 56 Atl. 881. "The decrees of a Court of Probate acting within its jurisdiction in the settlement of estates should be given the same conclusive effect as sentences and proceedings in rem." *Hall* v. *Hall*, 91 Conn. 514, 522, 100 Atl. 441; *State* v. *Blake*, 69 Conn. 64, 78, 79, 36 Atl. 1019. However, when a final accounting has been filed and accepted, an action for breach of duty by a fiduciary may be brought and any decrees of the Court of Probate would create an estoppel only as regards items which have been brought within the administration of the estate. *State ex rel. Hartford-Connecticut Trust Co.* v. *United States Fidelity & Guaranty Co.*, 105 Conn. 230, 234, 135 Atl. 44; *Marks' Appeal*, 116 Conn. 58, 63, 163 Atl. 600; *State ex rel. Beardsley* v. *London & Lancashire Indemnity Co.*, supra. For such a breach of duty no recovery of substantial damages could be had unless it be proven that they were the result of it. *State ex rel. Raskin* v. *Schachat*, 120 Conn. 337, 346, 180 Atl. 502; *First National Bank & Trust Co.* v. *McCoy*, 124 Conn. 111, 113, 198 Atl. 183.

Any recovery based upon the failure of the bank to discover and inventory the plaintiff's interest in the farm would have to be based upon failure of the bank to use proper care to ascertain that interest and make it available. *Reiley* v. *Healey*, 122 Conn. 64, 71, 187 Atl. 661. It does not appear from the finding or from any correction which is permissible that the failure to file an inventory and appraisal of the real estate produced any substantial damage to the plaintiff. *Ward's Appeal*, 52 Conn. 565, 567. Moreover, the plaintiff's interest in the real estate was finally brought into the

administration by the application for the order of sale and was accounted for by the defendant bank in its final account as conservator, which was not appealed from. The plaintiff's claim that the sale was invalid because no sufficient cause was shown and no sufficient notice given might have been raised by objection to the account. *Setaro* v. *Pernigotti,* 105 Conn. 685, 686, 136 Atl. 571. That was the time to question the propriety of the sale. If it be considered that the plaintiff's interest in the farm partnership was not brought within the conservator's administration, we are met with the fact that there is no finding of negligence upon the part of the bank in looking after the plaintiff's interest in that regard, nor does it appear that the defendant's failure to follow up the plaintiff's interest in the partnership resulted in any damage to him. Moreover, if the plaintiff has any claim to the proceeds of the partnership, inasmuch as the Statute of Limitations has not yet run against it, he could still assert that claim in an action in his own right after he was restored to capacity, as he in fact did in the second count of the complaint in this very action which, however, was not pressed.

There is no error.

In this opinion the other judges concurred.