[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the sixth special defense of the defendant. The sixth special defense alleges that some or all of the plaintiff's claims are barred by General Statute §45a-24. This court, Levine, J. had previously refused to strike parts of the complaint wherein the defendant moved that the plaintiff's allegations should be stricken as they were barred by General Statute § 45a-24.
The defendant pleads General Statute § 45a-24 as a special defense, and the plaintiff moves to strike. The special defense is proper. "any decrees of the Court of Probate would create an estoppel only as regards items which have been brought within the administration of the estate". Kochuk v. Zabala,126 Conn. 324, 329 (1940). Although a defendant may not have the affirmative right to have an entire action stricken, en blanc, he may attempt to have the trial of certain issues barred by the principle of estoppel. Hence this claim should be and is properly raised by special defense. The motion to strike the sixth special defense is denied.
The plaintiff further moves to strike the fifth defense of claims are barred by the applicable statute of limitations. The statute of limitations must be specifically pleaded as a special defense (Practice Book Sec. 164.) The defendant asserts that a question of fact exists as to whether the statute of limitations had in fact expired. It is only in limited circumstances that the court can address the statute of limitations by a motion to strike. This is not one of those circumstances. See Forbes v.Ballaro, 31 Conn. App. 235, 239 (1993). The motion to strike the fifth special defense is denied.
The plaintiff moves to strike the fourth special defense, which states "the plaintiff's Amended Complaint fails to set forth a claim upon which relief may be granted." The plaintiff CT Page 5452 claims that the defendant is obliged to set forth facts which identify the alleged deficiency in the complaint. The defendant may, at his option, file a motion to strike a cause of action, the common law demurrer, or may at his option elect to plead a claim of "no cause of action" as a "special defense". See WeissAssociates, Inc. v. Weiderlight, 208 Conn. 525, 535 (N5)(1988). Where it is claimed that there is no cause of action, the opposing party is not required to set forth facts to correct the deficiency, or to prove a negative. See Starmeyer v. Sage Allen Co, 146 Conn. 460, 461 (1959). Although such a pleading may not be necessary as a "special defense", as the plaintiff has the burden of proving the existence of a cause of action, such pleading is in practicality proper so as to alert the court, for trial, as to this being an issue upon trial of the case.
For the reasons set forth herein the plaintiff's motion to strike the fourth, the fifth and the sixth defenses are denied.
L. Paul Sullivan, J.