## GREG C.'S APPEAL FROM PROBATE*

Superior Court    Judicial District of    File No. CV 97137160S
Waterbury

Memorandum filed March 31, 1998

*Breg & Breg*, for the defendant Michelle V.

*Connecticut Legal Rights Project, Inc.*, and *Quinnipiac College School of Law Legal Clinic*, for the plaintiff.

DOHERTY, J. This is an appeal from the Probate Court for the district of Waterbury. It involves the appointment by that court of a conservator for the person and for the estate of the plaintiff, Greg C. The

* Affirmed. *Greg G.'s Appeal from Probate*, 56 Conn. App. 439, 744 A.2d 914 (2000).

defendant Michelle V. has filed a motion to dismiss the appeal for the following reasons: (1) the appeal was taken beyond the time authorized in General Statutes § 45a-187; (2) the Waterbury Probate Court did not authorize an appeal from probate of its August 5, 1995 order; (3) the bond for security for costs is defective; (4) the writ of summons is defective; and (5) Michelle V. did not receive notice of the plaintiff's motion for appeal filed with the Waterbury Probate Court.

Michelle V. has filed a memorandum of law in support of her motion. The plaintiff has filed his brief in opposition to said motion to dismiss. The court heard argument regarding said motion and reserved decision. Having taken into consideration the arguments of the parties, their memoranda and the applicable statutes and case law, the court makes the following findings and orders.

At the time of the hearing on this motion, the evidence and testimony dealt primarily with the issues of the timeliness of the appeal and the scope of the appeal authorized by the Probate Court. Those are the two areas that are the focus of this decision. Michelle V. offered argument that the appeal is governed by § 45a-187, titled "Time of taking appeals," and that there must be strict compliance with the terms and provisions of that statute. On August 1, 1995, Michelle V., who is the plaintiff's sister, was appointed by the Waterbury Probate Court to be the conservator of the person of the plaintiff. No appeal was taken from that decree.

On December 12, 1995, more than four months later, Michelle V. was appointed conservator of the plaintiff's estate. On December 5, 1996, almost twelve months thereafter, the plaintiff filed a motion for appeal from probate in the Waterbury Probate Court regarding the December 12, 1995 order and decree of that court. On December 5, 1996, the Waterbury Probate Court,

*Lawlor, J.*, granted a decree allowing appeal from probate regarding the decree and order of that court dated December 12, 1995. Nowhere in the motion for appeal or in the decree allowing probate was there any reference to the decree of August 1, 1995.

The plaintiff has argued that "[t]his court's equitable powers allow it to reach back to the August, 1995 hearing to remedy the manifest injustice done to [the plaintiff]." While the court does have broad equitable powers, they are not so broad as to address issues that were never raised by the plaintiff in his motion for appeal and never made part of the decree allowing appeal. Only a Probate Court may allow an appeal from its own decree. 1 W. Locke & P. Kohn, Connecticut Probate Practice (1951) § 199. For that reason alone, the court grants Michelle V.'s motion to dismiss the plaintiff's challenge to the August, 1995 decree appointing Michelle V. conservator of the person of the plaintiff.

In regard to the December 12, 1995 decree appointing Michelle V. conservator of the plaintiff's estate, the court finds that it was not appealed until December 5, 1996. That is approximately one week less than one full year after the appointment. Section 45a-187 governs the time of taking appeals from probate. Section 45a-187 (a) expressly provides in relevant part: "An appeal under section 45a-186 [appeals from probate] by those of the age of majority and who are present *or* who have legal notice to be present, shall be taken within *thirty days.* If such persons have no notice to be present *and* are not present, then [the] appeal shall be taken within *twelve months* . . . ." (Emphasis added.)

The plaintiff argues that he is entitled to bring his appeal more than thirty days after the decree because he did not receive notice of the hearing and he did not attend the hearing. The decree of the court dated December 12, 1995, recites in part, "NOTICE WAS

GIVEN IN ACCORDANCE WITH ANY ORDER OF NOTICE PREVIOUSLY ENTERED ALL PERSONS HAVING AN INTEREST IN SAID MATTER APPEARED AND WERE FULLY HEARD OR MADE DEFAULT OF APPEARANCE." No competent evidence or testimony was presented before this court as to the lack of service on the plaintiff or to establish the allegation set forth in the objection to the motion to dismiss that he was not present at the hearing.

On the basis of the lack of such competent evidence, this court cannot find that the Probate Court incorrectly found that the requisite notice of the December 12, 1995 hearing on the petition for the appointment of a conservator of the plaintiff's estate had been given. Having made that finding, this court further finds that, pursuant to statute, the plaintiff was required to take his appeal from the probate decree within thirty days of the December 12, 1995 order and that he failed to do so. For the foregoing reasons, the motion to dismiss the appeal from probate is granted.

In view of the foregoing order, the court declines at this time to take up the additional grounds set forth in their motion to dismiss.