## GREG C.'S APPEAL FROM PROBATE
## (AC 18392)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued September 1, 1999—officially released January 25, 2000

*Earl Mitchell*, certified legal intern, with whom were *Royal J. Stark*, and *John Myer, Rachel Proulx* and *Hon Choi*, certified legal interns, for the appellant (plaintiff).

*William F. Breg*, for the appellee (defendant Michelle V.).

*Robert E. Lancaster* and *Michael Lifrak* and *Elsie Miller*, law student interns, filed a brief for Advocacy Unlimited, National Association for Rights Protection and Advocacy, and Advocacy for Persons with Disabilities as amici curiae.

*Opinion*

PER CURIAM. The plaintiff, Greg C., appeals from the judgment of the Superior Court dismissing his appeal from the judgment of the Probate Court for the district of Waterbury ordering the appointment of a conservator of his person and estate.

The Superior Court dismissed the appeal because it was not taken within the time required pursuant to General Statutes § 45a-187.[1] Our examination of the record and briefs and consideration of the oral arguments of the parties persuades us that the judgment of the trial court should be affirmed.

The issue of whether the appeal from probate was timely taken was properly resolved in the Superior Court's thoughtful and comprehensive memorandum of decision. *Greg C.'s Appeal from Probate*, 46 Conn. Sup. 232, 744 A.2d 961 (1998). Because the memorandum of decision fully addresses the dispositive issue raised in

[1] General Statutes § 45a-187 (a) provides in relevant part: "An appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within thirty days. If such persons have no notice to be present and are not present, or have not been given notice of their right to request a hearing, then appeal shall be taken within twelve months . . . ."

this appeal, we adopt it as a proper statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion contained therein. *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.