DIANE MOLLEUR *v.* WILLIAM PERKINS, EXECUTOR
(ESTATE OF LEONARD L. CLARK), ET AL.
(AC 24207)

Foti, West and McLachlan, Js.

Argued February 23—officially released April 13, 2004

*Steven P. Kulas*, with whom, on the brief, was *Prescott W. May*, for the appellant (plaintiff).

*Kenneth A. Beck*, for the appellee (named defendant).

*Opinion*

FOTI, J. The plaintiff, Diane Molleur, appeals from the judgment rendered by the trial court granting the

defendant William Perkins'[1] motion to dismiss her appeal from the Probate Court for the district of Derby. The plaintiff claims that the trial court improperly dismissed her appeal after concluding that it lacked subject matter jurisdiction.[2] We reverse the judgment of the trial court.

The procedural facts of this case are not in dispute. The plaintiff challenged the admission into probate of a codicil executed by the decedent, Leonard L. Clark. The plaintiff, claiming to be the decedent's heir, argued that the codicil was invalid because the decedent lacked the requisite mental capacity when he executed it and because the defendant unduly influenced the decedent's execution of the codicil. On January 29, 2003, the Probate Court issued the decree in dispute, admitting the codicil over the plaintiff's objections.[3]

The plaintiff filed with the Probate Court on February 26, 2003, a motion for appeal from probate, and the Probate Court, issued the probate decree on March 3, 2003, allowing the appeal. The plaintiff thereafter appealed to the Superior Court for the judicial district of Ansonia-Milford. The defendant filed a motion to dismiss the appeal from probate, arguing that it was untimely under General Statutes § 45a-187 and, therefore, that the court lacked subject matter jurisdiction

---

[1] The sole defendant on appeal is Perkins. The Probate Court appointed Perkins executor of the estate of Leonard L. Clark in accordance with the terms of Clark's will and codicil. We refer in this opinion to Perkins as the defendant.

[2] The plaintiff also claims on appeal that the court improperly (1) failed to credit an affidavit relative to when she received notice of the probate decision and (2) disallowed evidence regarding the delay in signing the appeal by the Probate Court and relative to the date on which she received notice of the probate decision. Given our resolution of this appeal, we need not address those claims.

[3] Because the probate judge for the district of Derby, Clifford D. Hoyle, disqualified himself, the probate judge for the district of Woodbridge, Robert H. Horowitz, heard the probate contest.

over the appeal. The trial court concluded that the Probate Court's failure to allow the plaintiff's appeal within thirty days of the challenged January 29, 2003 decree created a "voidable defect" in the appeal. The court granted the defendant's motion to dismiss, noting that the defendant timely raised that defect in the appeal by way of his motion to dismiss.[4]

General Statutes § 45a-186 allows "[a]ny person aggrieved by any order, denial or decree of a court of probate" to appeal to the Superior Court for the judicial district in which that probate court is located. Such an appeal "shall be taken within thirty days. . . ." General Statutes § 45a-187.

In concluding that the appeal was untimely under § 45a-187, the court relied on our Supreme Court's decision in *Fuller* v. *Marvin*, 107 Conn. 354, 140 A. 731 (1928). We do not agree that the trial court was deprived of jurisdiction on the basis of *Fuller*. In *Fuller*, "the plaintiffs made a *claim* of appeal, which was accepted by the Probate Court, within thirty days of the decree appealed from, but neither posted an appeal bond nor actually obtained *allowance* of the appeal from the court within thirty days. [Our Supreme Court], in affirming the trial court's sustaining of the defendant's plea in abatement, held that, as the appeal was not allowed within thirty days, it could not be resurrected by the late filing of the appeals bond." (Emphasis in original.) *Kron* v. *Thelen*, 178 Conn. 189, 195–96, 423 A.2d 857 (1979). In *Fuller*, the appeal was not given with

---

[4] In his motion to dismiss, the defendant asked the court to dismiss the appeal because "[t]he papers served do not comply with the requirements of Connecticut Practice Book section 10-76." The court purposely made no finding with regard to that claim. The court stated: "The basis for my decision is that the appeal was not allowed within thirty days of January 29, 2003, by the Probate Court." Thereafter, with regard to the ground of its decision, the court stated to the plaintiff's attorney: "You can always ask for an articulation." The record fails to disclose such a request.

"proper and sufficient bond with surety" and, therefore, the right to appeal had not been duly exercised. *Fuller* v. *Marvin*, supra, 357.

"[T]he Probate Court has the discretion and power to allow an appeal after the expiration and the time limitation but is not required to do so." *VanBuskirk* v. *Knierim*, 169 Conn. 382, 387, 362 A.2d 1334 (1975). Further, if an aggrieved party properly files a request for allowance to appeal within the time limited by law, which is improperly denied by a Probate Court, the allowance may be compelled by mandamus. *Williams* v. *Cleaveland*, 76 Conn. 426, 430, 56 A. 850 (1904). "Upon compliance with . . . statutory requirements the court is obliged to allow the appeal." *Fuller* v. *Marvin*, supra, 107 Conn. 356. Although a probate judge has discretion to allow a timely filed but defective motion to appeal, subject to its being perfected at a later time, there is no such discretion when a proper and timely motion to appeal is filed. The Probate Court must allow it.

We conclude that an aggrieved party who files a proper motion for appeal within the statutory time should not be deprived of his or her right of appeal merely because the probate judge does not perform his or her required duty promptly. "Whether the Probate Court was guilty of negligence, of inadvertence or of mistake in failing to do its legal duty should not deprive the innocent plaintiffs of their right to take an appeal. If the law was otherwise, a probate judge could wrongly and arbitrarily hold up the allowance of an appeal until after thirty days and thereby deprive an aggrieved person of his right to an appeal." *Jakaboski* v. *Jakaboski*, 28 Conn. Sup. 49, 51, 248 A.2d 786 (1968). A party's right of appeal may not be nullified by the power of the Probate Court by its mistake, omission or its failure to act properly or expeditiously.

Because the plaintiff filed her proper motion for appeal, as an aggrieved party, from the decree dated January 29, 2003,[5] within the time allowed by statute, February 26, 2003, it was incumbent on the probate judge to act and grant it. His failure to perform that ministerial act until March 3, 2003, in excess of thirty days following the issuance of the decree, did not deprive the Superior Court of jurisdiction to hear the appeal. The plaintiff's statutory right of appeal could not be defeated by the lack of prompt action of the Probate Court.[6]

The judgment is reversed and the case is remanded with direction to allow the plaintiff's appeal and for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[5] We note that the sending of the notice of the probate decree causes the thirty day appeal period to become operative. *Kron* v. *Thelen*, supra, 178 Conn. 197. No evidence was presented as to when the Probate Court mailed notice of its January 29, 2003 decree.

[6] The defendant claims that the plaintiff failed to allege with specificity that she is an "aggrieved person" in her motion to appeal and that this failure constituted a jurisdictional defect. The matter of aggrievement pertains to the jurisdiction of the court. *Maloney* v. *Taplin*, 154 Conn. 247, 250, 224 A.2d 731 (1966). The motion for appeal represents that "[s]he is an heir at law of the deceased." The trial court ruled that was sufficient for aggrievement. We agree.

"To qualify as an aggrieved person, the plaintiff must have a pecuniary interest in the subject matter of the decree or order, and that pecuniary interest must be adversely affected by the decree or order from which the appeal is taken." *Lenge* v. *Goldfarb*, 169 Conn. 218, 221, 363 A.2d 110 (1975). A mere conclusory claim that she is aggrieved is insufficient; *Fitzhugh* v. *Fitzhugh*, 156 Conn. 625, 626–27, 239 A.2d 513 (1968); the basis for her claim as stated, as a matter of law, adequately presents the nature of the plaintiff's pecuniary interests that the decree adversely affected.