# LOUIS D. CORNEROLI *v.* LOUIS S. D'AMICO, COADMINISTRATOR (ESTATE OF SALVATORE D. D'AMICO), ET AL.

## (AC 30237)

Flynn, C. J., and Lavine and Hennessy, Js.

Argued May 27—officially released July 28, 2009

*Ronald W. Kutz*, for the appellant (plaintiff).

*Jay B. Weintraub*, with whom, on the brief, were *Eric H. Rothauser, John L. Bonee III* and *Kathleen E. Rallo*, law clerk, for the appellees (defendants).

*Opinion*

FLYNN, C. J. The plaintiff, Louis D. Corneroli, appeals from the judgment of the trial court dismissing his appeal from an order of the Probate Court for lack of subject matter jurisdiction. The court concluded that pursuant to General Statutes § 45a-186 (a), as amended by Public Acts 2007, No. 07-116, § 2 (P.A. 07-116),[1] the plaintiff's appeal was untimely, as it was filed more than thirty days after the mailing of the order of the Probate Court from which it was taken. On appeal, the plaintiff claims that the trial court improperly dismissed his appeal because (1) he correctly commenced his appeal by filing a motion for permission to appeal in the Probate Court and (2) § 45a-186 (b) and (d) contain language that would save his appeal. We disagree. We conclude that in enacting P.A. 07-116, the General Assembly repealed the requirement that a motion to appeal be filed with the Probate Court. Instead, newly enacted provisions of law require that a probate appeal be commenced by filing a complaint with the clerk of the Superior Court within thirty days of the mailing of the order from which the appeal is taken. We further

---

[1] General Statutes § 45a-186 (a), as amended by Public Acts 2007, No. 07-116, § 2, provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may . . . not later than thirty days after mailing of an order, denial or decree . . . appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such court of probate is located . . . ." The amendments to P.A. 07-116 were effective as of October 1, 2007.

conclude that because the plaintiff did not file his appeal until at least sixty-eight days after notice of the order had been mailed to him, it was filed at least thirty-eight days too late and was properly dismissed. Accordingly, we affirm the judgment of the trial court.

The record reveals the following facts. The plaintiff filed a claim in the Probate Court dated August 23, 2007, against the estate of his cousin, Salvatore D. D'Amico (decedent). The plaintiff sought a share of a $2.4 million settlement that the estate had received in December, 2006, concerning the sale of a John Singer Sargent painting. The decedent had purchased the painting at some point in 1978 for $3 and, until the time of his death in the early 1990s, unsuccessfully had attempted to have it authenticated. Following the decedent's death, the painting was authenticated, and its sale realized multiple millions of dollars. The plaintiff alleged that at some point, he and the decedent had formed a partnership, and that, as a result, he was entitled to 50 percent of the proceeds from the eventual sale of the painting. The defendants, Louis S. D'Amico and Rita D. Willis, the administrators of the estate, disputed the plaintiff's allegations and filed a motion to disallow his claim. Following briefing and hearing of the matter, the Probate Court issued an order dated February 28, 2008, granting the defendants' motion. The court concluded that, even if it assumed that the partnership alleged by the plaintiff existed, the settlement funds were not a partnership asset against which the plaintiff could make a claim.

The court's order was mailed sometime on or prior to March 28, 2008, as on that date, the plaintiff's attorney received notice of the order. On April 24, 2008, the plaintiff filed a motion for permission to appeal with the Probate Court. On June 4, 2008, the plaintiff filed in the Superior Court an appeal from the order of the Probate Court. The defendants moved to dismiss the

appeal for lack of subject matter jurisdiction, claiming that under § 45a-186, the appeal was untimely. On August 6, 2008, the court found that the Middletown Probate Court sent notice of its decision on March 27, 2008, but that the plaintiff did not file his appeal with the Superior Court until June 4, 2008. The court granted the motion to dismiss for lack of subject matter jurisdiction due to the untimely filing of the appeal, and the plaintiff thereafter commenced the present appeal.

Prior to addressing the plaintiff's claims, we set forth our well settled standard of review for a motion to dismiss. A motion to dismiss attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. *Heussner* v. *Hayes*, 289 Conn. 795, 802, 961 A.2d 365 (2008). Appellate review of such a matter addresses a question of law over which our review is plenary. Id. The plaintiff's claims require us to construe § 45a-186 and, thus, present an issue of statutory interpretation. "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z.

I

The plaintiff first claims that the court improperly dismissed his appeal for lack of subject matter jurisdiction because he timely filed a motion for permission to appeal in the Probate Court. He argues that the amendments to § 45a-186 found in P.A. 07-116 did not specifically remove the requirement that such a motion be filed. Moreover, he maintains, the previous requirement

of a motion for permission to appeal was never a statutory requirement but was a matter of common law. Therefore, he contends that, as the amended statute does not directly state that such case law is overruled, the requirement still must be in effect.

We disagree with the plaintiff's contention that his right of appeal was governed by the common law. The right to appeal from a decision of the Probate Court is statutory. *Satti* v. *Rago*, 186 Conn. 360, 364, 441 A.2d 615 (1982); *Sacksell* v. *Barrett*, 132 Conn. 139, 146, 43 A.2d 79 (1945); R. Folsom, Connecticut Estates Practice, Probate Litigation (2d Ed. 2008) § 7:1, p. 7-2. "Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations. . . . In acting on an appeal from probate, the Superior Court does not exercise the jurisdictional powers vested in it by the constitution but, instead, exercises a special and limited jurisdiction conferred on it by the statutes." (Citations omitted; internal quotation marks omitted.) *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565–66, 192 A.2d 44 (1963).

We first review the method of appeal from probate in existence prior to October 1, 2007. The plaintiff is correct that prior to October 1, 2007, an appeal from a

judgment of a Probate Court was commenced by motion to that court. Although no particular form was prescribed for the motion, it was, nonetheless, a requisite step in the appeal process. See *Fuller* v. *Marvin*, 107 Conn. 354, 356, 140 A. 731 (1928); R. Folsom, supra, § 7:5, p. 7-20. General Statutes § 45a-191, which was repealed by P.A. 07-116, provided that such motion must state the interest of the appellant, unless that interest appeared on the face of the proceedings and the record of the Probate Court. General Statutes § 45a-192, also repealed by P.A. 07-116, required the Probate Court to issue an order specifying the notice to be given by the appellant to interested persons. Prior to the amendments of P.A. 07-116, § 45a-186 (a) provided that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section. . . ." Subsection (b) of § 45a-186 provided that such appeals would be filed "in the superior court for the judicial district in which such court of probate is located . . . ." An appeal such as the plaintiff's in the present case had to be filed within thirty days. General Statutes § 45a-187 (a).

We next contrast the method and manner now required to appeal from an order of the Probate Court issued after October 1, 2007. Section 45a-186 (a), as amended by P.A. 07-116, provides in relevant part that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may . . . not later than thirty days after mailing of an order, denial or decree . . . appeal therefrom to the Superior Court. Such an appeal *shall be commenced by filing a complaint in the superior court* in the judicial district in which such court of probate is located . . . . A copy of the order, denial or decree appealed from shall be attached to the complaint. . . ." (Emphasis added.) Following the 2007

amendments, subsection (b) of § 45a-186 now provides: "Each person who files an appeal pursuant to this section shall serve a copy of the complaint on the court of probate that rendered the order, denial or decree appealed from and on each interested party. The failure of any person to make such service shall not deprive the Superior Court of jurisdiction over the appeal. . . ."

The meaning of § 45a-186 (a), as amended by P.A. 07-116, ascertained both from its text and in relation to other statutes, is plain and unambiguous. It provides that an appeal of an order of the Probate Court is commenced by filing a complaint in the Superior Court. A complaint is filed when it is lodged with the clerk of the court. See *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 820, 943 A.2d 544 (2008). The significant changes to this statute, brought about by passage of P.A. 07-116, coupled with the simultaneous repeal of §§ 45a-191 and 45a-192, the only statutes that referred to the previous practice of filing a motion for permission to appeal with the Probate Court, reveal a clear legislative intention to consolidate and even to simplify and to clarify the probate appeal process. In amending the statute, the legislature eliminated any previous requirement that an aggrieved party file a motion for permission to file an appeal with the Probate Court to commence his appeal.

The plaintiff's argument presumes that, despite the plain language of § 45a-186 (a), as amended, the legislature intended no change to the preexisting procedure in probate appeals. However, in interpreting the actions of the legislature, we presume instead that "in enacting a statute, the legislature intended a change in existing law." (Internal quotation marks omitted.) *Middlebury* v. *Dept. of Environmental Protection*, 283 Conn. 156, 173, 927 A.2d 793 (2007). Such presumption "may be rebutted by contrary evidence of the legislative intent in the particular case." (Internal quotation marks omitted.) Id. The plaintiff presents no compelling argument to rebut the presumption that the legislature, in passing

P.A. 07-116, intended to change the process by which appeals from the Probate Court are taken.

## II

The plaintiff also claims that § 45a-186, as amended, contains provisions that nonetheless would save his appeal. He cites the language of subsection (b) of the statute, which provides in relevant part that "[e]ach person who files an appeal pursuant to this section shall serve a copy of the complaint on the court of probate that rendered the order, denial or decree appealed from and on each interested party. The failure of any person to make such service shall not deprive the Superior Court of jurisdiction over the appeal. . . ." General Statutes § 45a-186 (b). The plaintiff argues that the "broad language" of this subsection "clearly leaves an open door for keeping an appeal alive" in that it allows for "serving not only additional parties, but any party . . . ." He maintains that the language indicates that "service appears to not be that material," rendering the idea that the trial court in the present case would be deprived of subject matter jurisdiction "inherently inaccurate."

In addition, the plaintiff cites § 45a-186 (d), which provides that "[i]f service has not been made on an interested party, the Superior Court, on motion, shall make such orders of notice of the appeal as are reasonably calculated to notify any necessary party not yet served." Characterizing this subsection as a "rather broad, remedial clause," the plaintiff argues that he is a "necessary party" and, thus, may "be cited in."

These arguments merit little discussion. Section 45a-186 (b) refers to any "person who files an appeal pursuant to this section," that is, § 45a-186. As we discussed previously, subsection (a) plainly states the procedure for commencement of such an appeal through the filing of a complaint in the Superior Court. Therefore, subsection (b) merely provides that a person filing a probate appeal has a duty to serve a copy of the complaint on

the Probate Court that issued the challenged order and on any interested party but that if he had "filed" timely with the Superior Court, his failure to serve other parties would not deprive the court of jurisdiction. To adopt the plaintiff's argument would mean that subsections (a) and (b) provide for a separate and parallel procedure for filing an appeal from the Probate Court. Such an unnecessary and illogical result could not have been intended by the legislature.

The plaintiff's argument regarding subsection (d) equally is unavailing. To follow the logic of the argument would lead to the incoherent conclusion that the trial court could order that notice of the complaint in a probate appeal be provided to the party who initiated an untimely appeal to render an untimely appeal timely. Such an interpretation would render the thirty day time limit found in § 45a-186 (a) for filing an appeal from a Probate Court order meaningless. A party appealing to the Superior Court from the Probate Court is required to commence the appeal by filing it with the Superior Court clerk within thirty days of the order, denial or decree of the Probate Court. Failure to do so deprives the Superior Court of subject matter jurisdiction and renders such an untimely appeal subject to dismissal.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The plaintiff also points out that the title of P.A. 07-116 is "An Act Concerning Conservators and Appeals of Conservatorships and Guardianships" and argues that the statutory changes contained therein are "focused primarily on addressing concerns that have been raised with the appointment of conservators and the actions of conservators as well as the rights of their wards." We understand that the title of this act might mislead a reader; however, the content of the act could not. In describing the proper consideration of statutory titles in the process of interpreting statutes, our Supreme Court has stated: "Where there is ambiguity in the wording of a statute, the title of the legislation is an aid to statutory construction. . . . But if the language is clear and not subject to interpretation, titles are of less significance." (Citations omitted.) *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals*, 162 Conn. 50, 55, 291 A.2d 204 (1971). The statute in question here is not ambiguous. Section two of P.A. 07-116 amended § 45a-

186 (a) to specify clearly that an appeal from a Probate Court order "shall be commenced by filing a complaint in the superior court in the judicial district in which such court of probate is located . . . ." The title of the public act bears no significance in our interpretation of this provision.