JESSE PORTO *v.* TIMOTHY F. SULLIVAN,
CONSERVATOR (ESTATE AND PERSON
OF JOHN PORTO)
(AC 30631)

DiPentima, Gruendel and Peters, Js.

[9] See footnote 6 of this opinion.

Argued November 16, 2009—officially released February 16, 2010

*Eddi Z. Zyko*, for the appellant (plaintiff).

*Daniel J. Mahaney*, with whom was *Timothy F. Sullivan*, for the appellee (defendant).

DiPENTIMA, J. The plaintiff, Jesse Porto, appeals from the judgment of the Superior Court dismissing his appeal from the decree of the Probate Court for the district of Waterbury approving the final accounting of the estate of John Porto. Specifically, the plaintiff claims that the Superior Court improperly (1) determined that his appeal was untimely pursuant to General Statutes § 45a-187 (a) and (2) denied his motion for reargument. We disagree and, accordingly, affirm the judgment of the Superior Court.

The record reveals the following factual and procedural history. The plaintiff is the son of John Porto. The Probate Court named the plaintiff as conservator of John Porto. On January 5, 2001, the defendant, attorney Timothy F. Sullivan, replaced the plaintiff as conservator by order of the Probate Court. The defendant subsequently submitted to the Probate Court an application to sell John Porto's real property located in Middlebury. The purpose of the sale was to obtain money to pay for John Porto's care at a convalescent home.[1] Following a series of hearings in October, November and December, 2001, the sale was approved and completed on December 11, 2001. No appeal was taken from the sale of the property.

On October 8, 2004, the Probate Court approved the final accounting of the estate of John Porto. The Probate Court specifically found that, with respect to the sale of the real property, "proper notice was given to all parties and due hearing was had on the application to sell." The plaintiff moved to appeal to the Superior Court, and the Probate Court issued a decree allowing

---

[1] In its decision dismissing the plaintiff's appeal, the court stated that something needed to be done "quickly and drastically" or there would have been "no way to pay for the care" of John Porto.

the appeal on October 22, 2004. The plaintiff then filed his appeal to the Superior Court on November 10, 2004.

In his appeal, the plaintiff claimed that the real estate sale was invalid "because there was insufficient cause shown for the Probate Court to approve the sale; no hearing was held on the application, and, in the alternative, if a hearing was conducted, it was invalid; the plaintiff did not receive notice regarding the hearing prior to the hearing; and he did not receive notice regarding the court's approval of the application."

On March 11, 2005, pursuant to Practice Book § 10-31, the defendant moved to dismiss the plaintiff's appeal on the basis of untimeliness pursuant to § 45a-187. Three days later, the plaintiff filed an objection. On September 7, 2005, the court, *Matasavage, J.*, issued a memorandum of decision denying the defendant's motion to dismiss. The court reasoned: "Notwithstanding the issues dealing with the sale of the property, it is clear that the plaintiff has disputed the final accounting regarding the value of [John Porto's] horse business, the use and occupancy of his realty, the furniture, equipment and assets. Because the plaintiff's appeal challenges the specific aspects of the decree approving the final accounting that were not subject to prior orders of the Probate Court, it is timely under § 45-187, in that the plaintiff filed his motion to appeal within thirty days of the date of the decree."

Following the court's denial of his motion, the defendant filed an answer on October 26, 2005. He raised the special defense that the plaintiff's appeal was untimely under § 45a-187. The plaintiff unsuccessfully moved to strike the defendant's special defense. The appeal was then heard in June, 2008.

On June 18, 2008, the court, *Hon. Joseph T. Gormley*, judge trial referee, issued an oral decision dismissing

the appeal. The court stated that it had heard no evidence relating to the accounting.[2] With respect to the sale of the property, the court concluded that the appeal was untimely pursuant to § 45a-187 and dismissed the appeal. The plaintiff then appealed to this court. Additional facts will be set forth as needed.

I

The plaintiff claims that the Superior Court improperly determined that his appeal was untimely pursuant to § 45a-187 (a). Specifically, he argues that his appeal of the sale of John Porto's real property was filed timely following the Probate Court's decree accepting the final accounting. We are not persuaded.

"The standard of review for a motion to dismiss is well settled. A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Heussner* v. *Hayes*, 289 Conn. 795, 802, 961 A.2d 365 (2008). Our review, therefore, is plenary. *Corneroli* v. *D'Amico*, 116 Conn. App. 59, 62, 975 A.2d 107, cert. denied, 293 Conn. 928, 980 A.2d 909 (2009). The plaintiff's claim also requires interpretation of the relevant statutory framework.[3]

General Statutes § 45a-186 (a) provides in relevant part that "[a]ny person aggrieved by any order, denial or decree of a court of probate . . . may . . . appeal

[2] We note that the plaintiff has not provided us with a transcript of the evidentiary proceeding before Judge Gormley. The only transcript presented for our review is that of the oral decision.

[3] "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. General Statutes § 1-2z." (Internal quotation marks omitted.) *Corneroli* v. *D'Amico*, supra, 116 Conn. App. 62.

therefrom to the Superior Court . . . ." Section § 45a-187 sets forth the time frame in which such appeal must be commenced. "An appeal under section 45a-186 by persons of the age of majority who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within thirty days, except as otherwise provided in this section. If such persons have no notice to be present and are not present, or have not been given notice of their right to request a hearing, such appeal shall be taken within twelve months . . . ." General Statutes § 45a-187 (a); see, e.g., *In re Michaela Lee R.*, 253 Conn. 570, 605–606, 756 A.2d 214 (2000).

"Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations." (Citations omitted; internal quotation marks omitted.) *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44 (1963). "The right to appeal from a decree of the Probate Court is purely statutory . . . and the requirements fixed by statute for taking and prosecuting the appeal must be met." (Citation omitted.) *Bergin* v. *Bergin*, 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985);

see State v. *Goggin*, 208 Conn. 606, 615, 546 A.2d 250 (1988); *Satti* v. *Rago*, 186 Conn. 360, 364, 441 A.2d 615 (1982). The failure to appeal timely from the decision or decree of the Probate Court warrants the dismissal of the appeal. *Greg C.'s Appeal from Probate*, 46 Conn. Sup. 232, 234–35, 744 A.2d 961 (1998), aff'd, 56 Conn. App. 439, 744 A.2d 914, cert. denied, 253 Conn. 901, 753 A.2d 936 (2000).

The sale of the property was completed on December 11, 2001. The plaintiff's appeal, filed on November 10, 2004, is, on its face, untimely pursuant to § 45a-187 (a), which requires that such an appeal be taken within thirty days if the appealing party had legal notice or was present at the hearing, or within twelve months if the appealing party was not given notice or was not present. The plaintiff's appeal was not filed until nearly three years after the sale had been completed. Simply put, under either time frame, the plaintiff's appeal was untimely.[4]

---

[4] The plaintiff directed us at oral argument to our Supreme Court's decision in *Kochuk* v. *Labaha*, 126 Conn. 324, 10 A.2d 755 (1940). The issue in that case was whether the defendant bank had breached its duty to the plaintiff while acting as conservator. Id., 325. The bank had been informed by the Probate Court that the only property of the plaintiff was a small bank account. Id., 326. The plaintiff, however, also owned an interest in real and personal property relating to a farming venture. Id. This interest was sold to his business partner. Id., 327. The plaintiff claimed that the sale of his interest in real estate was invalid because no sufficient cause or notice was shown. Our Supreme Court suggested that such arguments *"might* have been raised by objection to the account. . . . That was the time to question the propriety of the sale." (Citation omitted; emphasis added.) Id., 330.

The issue before our Supreme Court in *Kochuk* was not the timeliness of an appeal from an order or decree of the Probate Court pursuant to § 45a-187, but whether a conservator had breached its duty to a ward. Accordingly, the court's statement regarding the sale of property was dicta. "Dictum is generally defined as '[a]n expression in an opinion which is not necessary to support the decision reached by the court. . . . A statement in an opinion with respect to a matter which is not an issue necessary for decision.' (Citation omitted.) Ballentine's Law Dictionary (3d Ed. 1969). Our Supreme Court has instructed that dicta have no precedential value. See *St. George* v. *Gordon*, 264 Conn. 538, 547 n.10, 825 A.2d 90 (2003)." *State*

Last, we note that the plaintiff's reliance on *Kron* v. *Thelen*, 178 Conn. 189, 423 A.2d 857 (1979), and *Molleur* v. *Perkins*, 82 Conn. App. 468, 844 A.2d 916, cert. denied, 270 Conn. 912, 853 A.2d 527 (2004), is unavailing. In both of those cases, the actions of the Probate Court caused an untimely appeal. Specifically, in *Kron*, the Probate Court erroneously informed the plaintiff's counsel that no action had been taken on an accounting, resulting in the plaintiff's late appeal. See *Kron* v. *Thelen*, supra, 190–91.[5] In *Molleur*, the Probate Court failed to perform promptly its required duty. *Molleur* v. *Perkins*, supra, 471. The present case, therefore, is distinguishable from *Kron* and *Molleur*, as there was no affirmative act by the Probate Court that directly caused the plaintiff to file an untimely appeal from the sale of the real estate.

We conclude that the plaintiff's appeal from the sale of the property was untimely pursuant to § 45a-187. Accordingly, the court properly rendered judgment dismissing the appeal.

## II

The plaintiff also claims that the court improperly denied his motion to reargue. Specifically, he argues that Judge Agati, acting as the administrative judge, improperly concluded that Judge Gormley, having resigned as a judge trial referee, could not consider the motion for reargument and denied the motion. The

v. *Torres*, 85 Conn. App. 303, 320, 858 A.2d 776, cert. denied, 271 Conn. 947, 861 A.2d 1179 (2004).

[5] The plaintiff relies specifically on the following language from *Kron*: "We have held that it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him. . . . Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citation omitted; internal quotation marks omitted.) *Kron* v. *Thelen*, supra, 178 Conn. 193.

plaintiff further claims that this ruling violated General Statutes § 51-183g.[6]

"We review the court's ruling for abuse of discretion. . . . [A]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. . . . In addition, where a motion is addressed to the discretion of the court, the burden of proving an abuse of that discretion rests with the appellant." (Citation omitted; internal quotation marks omitted.) *Gibbs* v. *Spinner*, 103 Conn. App. 502, 507, 930 A.2d 53 (2007).

Judge Agati, acting as the administrative judge, stated on the record that Judge Gormley had resigned as a judge trial referee and therefore was not available to hear the plaintiff's motion. There is nothing in the record to suggest otherwise. We conclude that his denial of the motion on this basis does not constitute an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] General Statutes § 51-183g provides: "Any judge of the Superior Court may, after ceasing to hold office as such judge, settle and dispose of all matters relating to appeal cases, as well as any other unfinished matters pertaining to causes theretofore tried by him, as if he were still such judge." The clear language of this statute indicates that it applies to judges of the Superior Court and not to judge trial referees who have resigned.