MORRIS SILVERSTEIN *v.* HONORABLE
ELAINE N. CAMPOSEO
(AC 30371)

DiPentima, C. J., and Harper and Robinson, Js.

Argued April 9—officially released July 6, 2010

*Morris Silverstein*, pro se, the appellant (plaintiff).

*Joshua A. Hawks-Ladds*, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan Quinn Cobb* and *Philip Miller*, assistant attorneys general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Morris Silverstein, appearing pro se, appeals from the judgment of the trial court denying his petition for a writ of mandamus to compel the defendant, the Honorable Elaine N. Camposeo, judge of the Probate Court for the district of Andover, to allow him to bring an appeal. The plaintiff claims that the court improperly (1) denied his petition and (2) denied his request to present evidence during a reargument hearing. We affirm the judgment of the trial court.

The record reveals the following relevant facts, as found by the trial court, and procedural history. On September 9, 2004, the defendant presided over a probate hearing related to a petition filed by the administrator of the estate of Esther S. Silverstein. The plaintiff is the decedent's son and an heir to her estate. On September 9, 2004, in the presence of the plaintiff and others, the defendant orally announced her decision approving the petition. On October 4, 2004, the plaintiff

filed in the Probate Court a motion to amend an existing appeal from that court to the Superior Court, related to the estate, to include a challenge to the defendant's September 9, 2004 ruling, as well as a letter requesting, inter alia, "a waiver of any fees involved because the matters are so closely related." Along with these filings, the plaintiff filed, in the alternative, a motion to appeal to the Superior Court, without the payment of any fee, to be ruled on if the defendant denied his motion to amend.

By letter dated October 8, 2004, the clerk of the Probate Court notified the plaintiff that his motion to amend had been denied and that his motion to appeal to the Superior Court "will not be admitted until all copies and fees are paid." On October 13, 2004, the plaintiff filed a motion to appeal to the Superior Court regarding the September 9, 2004 ruling, as well as a check in the amount of $50 and required copies. On October 21, 2004, the defendant denied the motion with the following notation: "Pursuant to [General Statutes (Rev. to 2003) §] 45a-187, an appeal from probate must be taken within [thirty] days of the date of the [P]robate [C]ourt decree. This appeal was not timely filed within the thirty day period and is therefore denied."

Thereafter, the plaintiff filed a petition for a writ of mandamus in the Superior Court. The plaintiff alleged that the defendant improperly failed to grant his motion to appeal. The plaintiff sought a writ directing the defendant to "exercise her ministerial duty by allowing [the] plaintiff's appeal . . . ." Following an evidentiary hearing, the court issued a memorandum of decision in which it denied the plaintiff's petition. The court determined that the plaintiff had not filed a motion to appeal from the Probate Court to the Superior Court within the applicable statutory time limit and that the defendant had the discretion but not the duty to allow a late appeal. The court denied the petition, noting that the

plaintiff was seeking to compel the performance of a discretionary act. This appeal followed.

## I

First, the plaintiff claims that the trial court improperly denied his petition for a writ of mandamus.[1] The plaintiff argues that the court improperly determined that his failure to include a $50 payment at the time he filed the motion to appeal on October 4, 2004, rendered the filing untimely. We disagree.

"In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . Nevertheless, this court will overturn a lower court's judgment if it has committed a clear error or if it has misconceived the law. . . .

"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing

---

[1] Related to this claim, the plaintiff also claims, as separate issues in the appeal, that "[t]he trial court did not appear to take into consideration the actions of the probate clerk and the probate judge in this case," and that the trial court improperly "cited cases applying the law of appeals to the Superior Court to the law of appeals in the Probate Court as substantiation for arriving at [its] decision." Insofar as they are distinct from the claims analyzed in this opinion, we do not address these separate claims, which consist merely of the plaintiff's assertions, unaccompanied by analysis, citation to the record or citation to any legal authority. See, e.g., *LaBow* v. *LaBow*, 85 Conn. App. 746, 751–52, 858 A.2d 882 (2004) ("[a]s we have stated on occasions too numerous to recite, mere abstract assertions, unaccompanied by reasoned analysis, will not suffice to apprise a court adequately of the precise nature of a claim"), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005).

the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Citation omitted; internal quotation marks omitted.) *Cammarota* v. *Planning & Zoning Commission*, 97 Conn. App. 783, 788–89, 906 A.2d 741, cert. denied, 280 Conn. 941, 912 A.2d 475 (2006).

We have carefully reviewed the court's ruling and conclude that it is legally and factually sound. Pursuant to General Statutes (Rev. to 2003) §§ 45a-186 and 45a-187, the plaintiff had thirty days in which to appeal from the Probate Court's September 9, 2004 ruling. It is not disputed that the plaintiff had the burden of exercising his right to appeal by filing in the Probate Court, within the time allowed by law, a motion to appeal to the Superior Court. See General Statutes (Rev. to 2003) § 45a-192 (order of notice in allowing appeal); *Molleur* v. *Perkins*, 82 Conn. App. 468, 471, 844 A.2d 916, cert. denied, 270 Conn. 912, 853 A.2d 527 (2004). The plaintiff filed a motion to appeal on October 4, 2004. Although this filing occurred within the statutory appeal period, the motion was not accompanied by the payment of $50, as is required by General Statutes § 45a-106, which provides in relevant part: "The basic costs payable to courts of probate for any proceeding other than in connection with the settlement of the estate of a deceased person or periodic accounts of trustees, guardians, conservators or other fiduciaries shall be as follows . . . (6) For the purpose of sections 45a-106 to 45a-112, inclusive, there shall be a charge of fifty dollars for an appeal which shall be payable to the court by the appellant." Although the plaintiff argued, and

still maintains, that this charge need not have been paid at the time he filed his motion to appeal but that it could be paid to the Probate Court within a reasonable time, the trial court properly rejected that novel argument. The statutory right of appeal afforded the plaintiff was not perfected absent his strict compliance with all statutory requirements; see *Fuller* v. *Marvin*, 107 Conn. 354, 356, 140 A. 731 (1928); and the court had the discretion, but not the obligation, to allow the defective motion to appeal. See *Molleur* v. *Perkins*, supra, 471.

Because the plaintiff did not file a motion to appeal, with the required payment of $50, until October 13, 2004, that motion was untimely. It was within the defendant's discretion to grant or to deny the untimely motion. See *VanBuskirk* v. *Knierim*, 169 Conn. 382, 387, 362 A.2d 1334 (1975). As stated previously, the remedy of mandamus is not available to compel discretionary acts, and the trial court properly denied the plaintiff's petition for a writ of mandamus on that ground.

II

Next, the plaintiff claims that the trial court improperly denied his request to present evidence at a reargument hearing. We disagree.

After the court issued its memorandum of decision, the plaintiff filed a motion for reargument. The court granted the motion and held a hearing related to the motion. During the hearing, the plaintiff argued that the court mistakenly had found certain facts in its decision. The plaintiff stated: "[I]f I could be sworn to take the [witness] stand, and I'd like to testify under oath as to my comments on the facts that you have listed as found because I believe you have been led to believe things that are not as they are." The defendant objected. The plaintiff addressed the court concerning the subject matter of his request, and the court, concluding that he

already had presented relevant evidence and merely was attempting to relitigate the facts, denied the request. Later, the court affirmed its earlier decision denying the petition.

"Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its [discretion]. . . . In the ordinary situation where a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided. . . . The trial judge's discretion, which is a legal discretion, should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . Consistent with this responsibility, the trial court may not, in light of all the relevant factors, arbitrarily or unreasonably reject a motion to introduce additional evidence after the moving party has rested. . . . Such a reopening should not be permitted if it would result in substantial prejudice to a party. . . . Last, we note that "[i]n reviewing a trial court's action for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. [R]eversal is required [only] where the abuse is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Singh* v. *Hartford*, 116 Conn. App. 50, 54–55, 974 A.2d 810 (2009).

In his appellate brief, the plaintiff argues that the trial court should have permitted him to testify regarding what had transpired during the Probate Court hearing

on September 9, 2004. The plaintiff argues that his testimony was relevant to the trial court's finding that the defendant had issued an oral ruling on that date. Our careful review of the record reflects that during his case-in-chief, the plaintiff presented evidence concerning the September 9, 2004 hearing and the defendant's statements during that hearing. The plaintiff has not demonstrated that the testimony he wanted to present at the reargument hearing was not merely cumulative of evidence already in the record. In light of the nature of the evidence at issue, we conclude that the court's ruling reflected a sound exercise of its discretion.

The judgment is affirmed.