## HARBAJAN SINGH *v.* CITY OF HARTFORD
## (AC 30228)

Bishop, Beach and Foti, Js.

Argued April 22—officially released July 28, 2009

*Wesley S. Spears*, for the appellant (plaintiff).

*Jonathan H. Beamon*, assistant corporation counsel, for the appellee (defendant).

*Opinion*

FOTI, J. The sole issue in this appeal is whether the trial court abused its discretion in opening the record after the close of evidence but before the court rendered its decision. The plaintiff, Harbajan Singh, claims that the court improperly granted the motion filed by the defendant, the city of Harford, to open the record after the close of evidence. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are relevant to our disposition of the plaintiff's appeal. On June 13, 2002, the plaintiff was the high bidder at a tax lien sale for a property located at 233 Capen Street in Hartford. On that date, the plaintiff entered into a contract for the sale of real estate in which he agreed, inter alia, to pay the sum of $45,547.86 for the property. The contract expressly stated that the sale was subject to the requirements of General Statutes § 12-157. One such requirement, as indicated in the contract, was that there existed "a right of redemption by any party who holds a valid interest in the property." This right of redemption was set to expire six months from the date that the parties entered into the agreement, at 4:30 p.m. on December 12, 2002. Furthermore, the tax collector's deed was to be lodged in the town clerk's office but would remain unrecorded until the right of redemption time period had run, at which time the deed would be recorded and have full effect. The contract also included an "as is" clause, in which

it stated that the defendant assumed no liability whatsoever in regard to the condition of the property.

On September 29, 2003, the plaintiff filed a complaint in Superior Court in which he alleged that at the time of the transfer of the property on December 13, 2002, the defendant was aware that the property contained asbestos and other hazardous material. Furthermore, he alleged, the defendant's failure to disclose to the plaintiff that the property contained asbestos and other hazardous material required him to remove and to abate those materials at a considerable cost to him and that their presence also reduced the property's value substantially. As a result, the plaintiff sought damages. On March 3, 2006, the defendant filed an answer that included a special defense alleging that the plaintiff was estopped from claiming any liability on the part of the defendant that resulted from the transfer of the property because of the "as is" clause included in the contract for sale.

The trial was held before the court, *Berger, J.,* on April 16, 2006. At the outset of the hearing, the court noted that although the courtroom had been filled with witnesses earlier, the parties' entering into a stipulation of facts obviated the need for their presence. The court then read into the record the stipulated facts. "Number one. The [defendant] made no representations to the plaintiff concerning the existence of asbestos at the commercial property known as 233 Capen Street, Hartford, Connecticut, prior to the transfer of said property to the plaintiff on June 13, 2002 . . . [and] as stated in defendant's answer, the defendant was aware of the presence of asbestos at said commercial property prior to transfer. Number two. The [defendant] does not dispute the $129,302.06 expended by the plaintiff at the aforementioned property to abate asbestos. Number three. The plaintiff at the time of the transfer understood that the contract provided that the property was

being sold, 'as is', which the plaintiff signed on June 13, 2002. Number four. The only issue [before the court] is whether the term 'as is' prevents the plaintiff from prevailing against the city. Number five. [The plaintiff], at the time of the execution of the aforementioned contract, was unaware that said property contained asbestos and he had no access to the property." The court then ordered the parties to submit briefs and reply briefs on the remaining issue and left open the option for there to be oral argument.

On May 12, 2006, the defendant filed a motion to open the record to allow additional testimony and evidence that it alleged was material and had been omitted by mistake or inadvertence. Subsequently, the defendant filed a memorandum of law in support of its motion, and the plaintiff filed two memoranda in opposition. On July 12, 2006, the court heard oral argument on the matter and granted the motion.[1] A trial to the court thereafter commenced that resulted in a mistrial. On June 11, 2008, the plaintiff filed an amended complaint alleging that the defendant breached the implied covenant of good faith and fair dealing and an express warranty in the deed to the property. A subsequent trial to the court, *Hon. Robert F. Stengel,* judge trial referee, in which the stipulation of facts at issue here was not admitted into evidence, resulted in judgment in favor of the defendant. This appeal followed. Additional facts will be set forth as necessary.

The plaintiff argues that the court abused its discretion in granting the defendant's motion to open the record and allowing additional evidence to be offered. Specifically, he argues that the court abused its discretion by not requiring the defendant to identify sufficiently the evidence that it failed to introduce by

[1] The plaintiff filed an appeal with this court on July 16, 2007, challenging the trial court's granting of the motion but withdrew it on October 12, 2007, because it was not taken from an appealable final judgment.

mistake or inadvertence and by granting, in essence, a new trial to the defendant by allowing additional discovery to take place and the submission of new theories of defense. Also, the plaintiff contends that the court's permitting the opening of the record resulted in substantial prejudice and was, therefore, an abuse of its discretion. We disagree.

"Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its [discretion]. . . . In the ordinary situation where a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided." (Internal quotation marks omitted.) *Grimm* v. *Grimm*, 82 Conn. App. 41, 50, 844 A.2d 855 (2004). "The trial judge's discretion, which is a legal discretion, should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . Consistent with this responsibility, the trial court may not, in light of all the relevant factors, arbitrarily or unreasonably reject a motion to introduce additional evidence after the moving party has rested." (Internal quotation marks omitted.) *In re Janazia S.*, 112 Conn. App. 69, 88, 961 A.2d 1036 (2009). "Such a reopening should not be permitted if it would result in substantial prejudice to a party." (Internal quotation marks omitted.) *Fahey* v. *Safeco Ins. Co. of America*, 49 Conn. App. 306, 315–16, 714 A.2d 686 (1998). Last, we note that "[i]n reviewing a trial court's action for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. [R]eversal is

required [only] where the abuse is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 477–78, 970 A.2d 592 (2009). With these precepts in mind, we turn to the plaintiff's claim on appeal.

First, our review of the record reveals that despite the plaintiff's claim to the contrary, the defendant did identify sufficiently the evidence it sought to admit. Although not specifically stated as such, we take this argument by the plaintiff to mean that because the defendant failed to identify the proffered evidence sufficiently, the court's granting the motion to open the record was not predicated on available evidence on a material issue; see *Grimm* v. *Grimm*, supra, 82 Conn. App. 50; and, therefore, was an abuse of discretion.

In both its memorandum in support of its motion and in oral argument, the defendant identified the omitted evidence. The defendant contended that on July 12, 2002, during the six month right of redemption period, two inspectors from the defendant's department of licenses and inspections witnessed the plaintiff at the property removing materials therefrom. It also claimed that these materials included asbestos and other hazardous materials and that the plaintiff was cited by the state department of environmental protection. The defendant claimed that that evidence was relevant to material issues because it directly contradicted the stipulated facts as to (1) the accessibility of the property to the plaintiff prior to its transfer to him; (2) the date of the transfer of the property; (3) the plaintiff's removal of asbestos from the premises before its transfer to him and, therefore, his knowledge of its presence; and (4) the timing of the defendant becoming aware of the presence of asbestos. The defendant further claimed

that the evidence was available because it was discovered when its inspectors found the plaintiff at the property removing debris on July 12, 2002.

The plaintiff, rather than arguing that the evidence did not bear on a material issue, contended that the proffered omitted evidence was not credible and offered documentary evidence to support that position. Therefore, the plaintiff contended, because the evidence proffered by the defendant was incredible, it had not actually proffered to the court any evidence regarding a material issue that had been omitted by mistake or inadvertence. Our Supreme Court has stated that a material issue of fact is one that "will make a difference in the result of the case." (Internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). It is clear from a reading of the stipulated facts and the record available to the court in contemplation of the defendant's motion to open the record, that the proffered evidence would have made a difference in the result of the case. It directly contradicted several material aspects of the stipulated facts, including, among others, the plaintiff's access to the property during the redemption period. Moreover, the court specifically stated that the parties had each, in their motions "given [it] enough [proof] that there was [omitted] evidence out there." Therefore, we cannot say that the court abused its discretion in determining that the evidence proffered by the defendant was on issues material to the case.

Next, the plaintiff claims that the court abused its discretion in opening the record because it "allowed the defendant to start the case all over, including . . . conducting discovery and submitting entirely new theories of defense." At the hearing, the defendant stated that it was only seeking to place into evidence exhibits

and testimony "to the effect that whatever the [defendant] learned [about the asbestos at the property], it learned [it] on the day that [the plaintiff] entered the building and two city inspectors found him there." As a result, the defendant requested only that it be allowed to depose the plaintiff. The court, underscoring that the defendant had requested taking one deposition, asked the plaintiff, "[w]ould you like anything?" The plaintiff responded: "I want to start over now . . . . I'm going to do interrogatories [and] I'm going to take a bunch of depositions." The court then asked the plaintiff if he wanted to hold a pretrial scheduling conference. The plaintiff responded in the affirmative. In short, it was the plaintiff, in response to the court's granting the motion, that requested that the trial start anew. The court, after considering the point to which its decision to open the evidence would possibly extend, concluded that to do so was in the interest of justice. We cannot conclude, under these circumstances, that the court abused its broad discretion in opening the evidence to the extent that it did.

Last, the plaintiff contends that the court's permitting the opening of the record resulted in substantial prejudice to him and was, therefore, an abuse of the court's discretion. Essentially, the plaintiff asserts that the opening of the record and allowing further introduction of evidence that contradicted many of the stipulation's aspects, resulted in substantial prejudice. The plaintiff contended at the hearing that the stipulation of facts inured greatly to his benefit, a point the court noted in its oral decision.[2] That the plaintiff was prejudiced by

[2] The plaintiff asserts on appeal that many of his witnesses could not be located for the subsequent proceedings. This argument was not made to the court at the time of the hearing on the defendant's motion to open the record. Moreover, this fact was not only unknown but unknowable at that time. We cannot say that the court abused its discretion on the basis of information that was neither presented to the court, nor could have been presented under the circumstances. See *State* v. *Saunders*, 114 Conn. App. 493, 504, 969 A.2d 868, cert. denied, 292 Conn. 917, 973 A.2d 1277 (2009).

the court's decision is evidenced on the record; however, the question remains whether the court abused its discretion in determining that the prejudice was *not* substantial. See *Fahey* v. *Safeco Ins. Co. of America,* supra, 49 Conn. App. 315–16 (opening evidence should not be permitted if result is substantial prejudice to a party). We note, nevertheless, that the ultimate source of the plaintiff's prejudice, the stipulation itself—by way of its ostensible ruin as the sole set of facts upon which the court would decide—was also the source of the danger of a miscarriage of justice that the court was seeking to avoid by granting the defendant's motion to open the evidence. The record reveals that the court took into account the prejudice that resulted from its decision and attempted to ameliorate some aspects of it by stating that it would consider assessing reasonable costs and fees to the defendant. In an effort to further minimize the prejudice, the court was solicitous of the plaintiff's request to conduct many aspects of discovery. The court's merely allowing the plaintiff the opportunity to submit more evidence, as well, served to lessen any prejudice that may have resulted from the ruling. Moreover, the court considered the defendant's proffered evidence in light of the stipulation, the plaintiff's assertions as to the credibility of the proffered evidence, as well as the circumstances involving its omission and determined that any prejudice visited on the plaintiff by its decision was not substantial because the interest in avoiding the danger of a serious miscarriage of justice outweighed it. On the basis of the record before us, we conclude that the court reasonably concluded as it did and, therefore, did not abuse its discretion in granting the defendant's motion to open the evidence. See *New Hartford* v. *Connecticut Resources Recovery Authority,* supra, 291 Conn. 478.

The judgment is affirmed.

In this opinion the other judges concurred.