## RICHARD GATES *v.* ESLA EUGENE GATES ET AL.*

Superior Court, Judicial District of Ansonia-Milford
File No. CV-08-4009454-S

Memorandum filed August 8, 2008

*Robert H. Boynton*, for the plaintiff.

*David W. Schneider*, for the defendants.

TYMA, J. The issue to be determined is whether the plaintiff timely appealed from an adverse decision of the Probate Court for the district of Milford. The defendants, Esla Eugene Gates and Wayne Gates, move to dismiss the action, claiming that the plaintiff, Richard Gates, failed to commence the action properly by filing his complaint with the Superior Court within thirty days of the mailing of the memorandum of decision of the Probate Court as required by General Statutes § 45a-186, as amended by Public Acts 2007, No. 07-116, § 2 (P.A. 07-116). The plaintiff opposes the motion, asserting, generally, that the action was timely commenced because he served the complaint within the statutory time period, thereby tolling the limitation period.

* Affirmed. *Gates* v. *Gates*, 115 Conn. App. 293, 971 A.2d 852 (2009).

The plaintiff appeals from a written decision of the Probate Court for the district of Milford. The relevant procedural facts are not in dispute. The Probate Court, *Streit-Kefalas, J.*, issued a memorandum of decision in which a resulting trust was imposed on real property owned by Anne Isabelle Gates, the plaintiff's deceased mother. The trust was imposed on the property in favor of the decedent's surviving spouse, the plaintiff's father, and against the plaintiff's alleged interest in it. Despite the fact that the decision was dated September 10, 2007, apparently it was not mailed to interested parties until January, 2008.

The plaintiff appealed to the Superior Court seeking a trial de novo. The plaintiff alleges in his complaint that the applicable appeal period began to run on January 4, 2008. The complaint was filed with the clerk's office on February 19, 2008. The defendants filed a motion to dismiss, claiming a lack of subject matter jurisdiction on the basis of the plaintiff's failure to comply with the time limitation for commencing an appeal from probate set forth in § 45a-186. For purposes of this motion, the parties agree that the "mailing" of the decision within the meaning of the statute was January 4, 2008. The plaintiff opposes the motion, claiming, as shown by the return of service, that he commenced the action within the requisite thirty days by serving process on the Probate Court on January 25, 2008, and on the defendants on January 29 and 30, 2008.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . .

In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005). The issue of whether the appeal was timely commenced under the applicable statute implicates the court's subject matter jurisdiction. *Fuller* v. *Marvin*, 107 Conn. 354, 359, 140 A. 731 (1928); see also *American Masons' Supply Co.* v. *F. W. Brown Co.*, 174 Conn. 219, 224, 384 A.2d 378 (1978) ("[t]he provision of [General Statutes] § 49-42 affected by Public Act No. 192 [of the 1969 Public Acts], which sets forth the time limitation within which suit must be commenced under the statute, therefore, is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section").

The defendants' motion implicates the provisions of § 45a-186, and therefore it presents an issue of statutory construction. "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z; see also *Stiffler* v. *Continental Ins. Co.*, 288 Conn. 38, 43, 950 A.2d 1270 (2008).

Section two of P.A. 07-116 repealed the then existing § 45a-186 governing appeals from probate and substituted revised, and substantially simplified, procedures for prosecuting appeals from probate. That section provides, in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may

. . . not later than thirty days after mailing of an order, denial or decree . . . appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such court of probate is located . . . ." P.A. 07-116, § 2.

The defendants claim that the terms of the statute governing appeals from probate are plain, unambiguous and logical. A person appealing from probate is required to commence the action by filing a complaint with the Superior Court. Additionally, the complaint is required to be served on the Probate Court and interested parties. In view of the foregoing, the defendants claim that the court lacks subject matter jurisdiction over the appeal because it is undisputed that the complaint was not filed with the court within thirty days from January 4, 2008, the operative date as agreed on by the parties.

The plaintiff asserts that an appeal from probate is a civil action and that it is well established that such actions are commenced by service of the complaint within the applicable time limitation, not by filing the complaint with the court. See *Rocco* v. *Garrison*, 268 Conn. 541, 553, 848 A.2d 352 (2004) ("[i]n Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant"). Consequently, the defendant claims that he timely commenced the appeal within the meaning of § 45a-186, as amended, by serving the complaint on the Probate Court and interested parties within thirty days of January 4, 2008, notwithstanding that the complaint was not filed with the court within the thirty days.

The court disagrees with the plaintiff's contention that an appeal from probate is a civil action governed by the rules of practice, statutory and other law pertaining to such actions. "An appeal from a probate order or decree to the Superior Court is not a civil cause of

action. It has no more of the ordinary attributes of a civil action than the original proceedings in the court of probate." *Silverstein's Appeal from Probate*, 13 Conn. App. 45, 53, 534 A.2d 1223 (1987); see also *Slattery* v. *Woodin*, 90 Conn. 48, 50, 96 A. 178 (1915) ("[a]ppeals from probate are not 'actions' or 'civil causes or actions, between party and party' ").

"When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." (Citations omitted; internal quotation marks omitted.) *State* v. *Gordon*, 45 Conn. App. 490, 494, 696 A.2d 1034, cert. granted on other grounds, 243 Conn. 911, 701 A.2d 336 (1997) (appeal dismissed October 27, 1998).

Notwithstanding that an appeal from probate is not a civil action, § 45a-186 clearly and unambiguously provides that such an appeal to the Superior Court is commenced by filing a complaint in the court within thirty days of the mailing of the decision being challenged. Although the word "commenced," as used in § 45a-186, as amended by P.A. 07-116, § 2 (a), is not defined, the word has been given its common meaning of to have "brought" an action. See *Lacasse* v. *Burns*, 214 Conn. 464, 475–76, 572 A.2d 357 (1990) ("[t]hus, for almost half a century this court has seen no distinction between 'commencing' and 'bringing' an action"). Further, the word "filing," as used in § 45a-186, as amended by P.A. 07-116, § 2 (a), is not defined. The use of the word in other statutes has been defined to mean "the act of bringing a complaint or other pleading to the clerk of the court." *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 818, 943 A.2d 544 (2008). When viewing the text of the statute itself and its relationship to other statutes, including those referred to by the plaintiff, the meaning

of the statute is plain and unambiguous. A party appealing to the Superior Court from probate is required to commence the appeal by filing the complaint with the court within thirty days of the mailing of the challenged action.

The statute does not provide, as the plaintiff contends, that a probate appeal is timely commenced by serving the complaint on the Probate Court and interested parties within those thirty days, as would be the case in an ordinary civil action. Id., 820 ("[l]egal actions in Connecticut are 'commenced' by service of process"); see also *Rocco* v. *Garrison*, supra, 268 Conn. 553 ("[i]n Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant"). In fact, P.A. 07-116, § 2 (b), expressly contemplates serving the complaint after it is filed with the court.[1] This provision stands in contradistinction to the plaintiff's claim. The plaintiff reaches his position by twisting the words of the statute and imparting ambiguity where none exists. "In construing the meaning of a statute . . . courts do not torture words to import ambiguity where the ordinary meaning leaves no room for it . . . ." (Citation omitted; internal quotation marks omitted.) *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 599, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

The *Rios* case provides persuasive authority for the court's conclusion in this matter. In *Rios*, the Appellate Court was confronted with an issue of statutory construction concerning General Statutes § 52-190a, as amended by Public Acts 2005, No. 05-275, § 2 (P.A. 05-275). The amended statute requires that in medical malpractice actions filed on or after October 1, 2005, the

---

[1] "Each person who files an appeal pursuant to this section shall serve a copy of the complaint on the court of probate . . . and on each interested party. The failure of any person to make such service shall not deprive the Superior Court of jurisdiction over the appeal." P.A. 07-116, § 2 (b).

plaintiff must attach to the complaint a written opinion of a similar health care provider stating that there appears to be evidence of medical negligence. Specifically, the requirement was "[e]ffective October 1, 2005, and applicable to actions filed on or after said date . . . ." P.A. 05-275 § 2. Prior to the effective date of the act, plaintiffs were not required to append to the complaint such an opinion.

The court couched the issue as "whether a complaint delivered to the serving marshal one day prior to the effective date of the public act, but not filed with the clerk of the Superior Court until after its October 1, 2005 effective date, was properly dismissed." *Rios* v. *CCMC Corp.*, supra, 106 Conn. App. 811. In an attempt to avoid the legal necessity of attaching to the complaint a written opinion of a similar health care provider, the plaintiff contended that "the action was 'filed' within the meaning of P.A. 05-275 when the writ of summons and complaint were delivered to a marshal for service of process on September 30, 2005, one day before the effective date of the [public act]." Id., 817–18. The court found that the use of the term "filing," as used in § 52-190a, as amended, "refer[s] to the act of bringing a complaint or other pleading to the clerk of the court . . . ." Id., 818. "The plaintiffs' argument that 'filing,' for purposes of the effective date of the statute, refers to the delivery of the writ of summons and complaint to a state marshal for service, therefore, is unavailing. Our review of the text of the statute and its relationship to other statutes reveals that this reading is inappropriate. An action is not filed until the complaint is returned to court." Id., 819. The court concluded that the meaning of the term "filed" in this regard is plain and unambiguous. Id., 820. The court held that "[b]ecause the plaintiffs failed to comply with the provision of the public act, requiring that an opinion of a similar health care provider attesting to a good faith basis for the action be

included with the complaint, we conclude that the defendants' motion to dismiss properly was granted." Id.

Similarly, in this case, the plaintiff's tortured argument that "filing" for purposes of commencing an action pursuant to § 45a-186 was satisfied by the plaintiff serving the Probate Court and interested parties within thirty days from January 4, 2008, is futile. As discussed, the statutory language is plain and clear. For the reason that the plaintiff failed to commence the present appeal within thirty days of the mailing of the Probate Court's decision as required by § 45a-186, as amended by P.A. 07-116, § 2, the defendants' motion to dismiss is granted.