******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

W. HUDSON CONNERY, JR. *v.* ELIZABETH MAY
GIESKE, EXECUTRIX (ESTATE OF ANN
MAY MOORE), ET AL.
(SC 19563)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.*

*Argued March 31—officially released October 11, 2016*

*Steven Berglass*, with whom, on the brief, was *Rosie Miller*, for the appellant (plaintiff).

*William H. Clendenen, Jr.*, with whom were *Maura A. Mastrony* and, on the brief, *Kevin C. Shea*, for the appellees (named defendant et al.).

*Peter D. Clark*, for the appellees (defendant Fletcher Williams Moore et al.).

*Opinion*

PALMER, J. The plaintiff, W. Hudson Connery, Jr., appeals from the judgment of the trial court, which granted the motion of the named defendant, Elizabeth May Gieske, executrix of the estate of the decedent, Ann May Moore,[1] to dismiss the plaintiff's action. The defendant sought dismissal on the ground that the Probate Court lacked jurisdiction over the parties' dispute because it was barred by the applicable statute of limitations. See General Statutes § 45a-186 (a).[2] The plaintiff, who had been married to the decedent, claims that the trial court improperly treated the present action as an appeal from orders of the Probate Court when, in fact, it is an action to vindicate the plaintiff's right to remove probate matters to the Superior Court pursuant to General Statutes § 45a-98a.[3] The plaintiff further maintains that, even if the trial court correctly determined that the present action is an appeal, it incorrectly determined that it was untimely under § 45a-186 (a). We conclude that the trial court correctly determined that the present action is an appeal. We further conclude, however, that the trial court incorrectly determined that it was barred by the statute of limitations. The record reveals, rather, that the appeal was filed prematurely. Accordingly, we affirm the judgment of the trial court, albeit on a different ground.

The following facts and procedural history are relevant to our resolution of the plaintiff's claims. Following the decedent's death on December 14, 2011, the defendant was named as the executrix of her estate. An application to admit the decedent's will to probate was filed on January 5, 2012. At that time, the plaintiff filed a written waiver of his right to receive notice of the hearing, stating that he had examined the will and had no objection to it. On June 4, 2012, however, the plaintiff filed a notice of claim in which he contested the legality and validity of the will, asserting that the decedent "died intestate . . . ."[4] The plaintiff further claimed, "in the alternative, [that] in the event it is determined that [the decedent] did not die intestate," he intended to elect his spousal share under the will pursuant to General Statutes § 45a-436.

On or about October 22, 2012, the plaintiff filed a second notice of claim in which he sought reimbursement of "monies advanced to [the decedent] prior to [their] marriage, in the amount of not less than [$275,000]." The defendant rejected the second claim as untimely, and the plaintiff filed a timely application for a hearing on the rejected claim pursuant to General Statutes (Rev. to 2011) § 45a-364 (a). Thereafter, on or about November 1, 2012, the defendant filed motions to require the plaintiff to surrender certain property belonging to the estate and to disclose information pertaining to the plaintiff's and the decedent's joint assets. On or about February 6, 2013, the plaintiff filed a motion

to compel the defendant to disclose information about estate assets. On or about February 26, 2013, the defendant filed a notice of deposition of the plaintiff, in response to which the plaintiff sought a protective order from the Probate Court. On or about February 27, 2013, the beneficiaries under the decedent's will, namely, Fletcher Williams Moore, John Parker Moore and Gwendolyn Calla Moore Gelb, filed an objection to the plaintiff's June 4, 2012 notice of claim challenging the legality and validity of the will and giving notice of his intention to claim a spousal share in the event that his challenge to the will is unsuccessful. The beneficiaries contended that the plaintiff had waived his right to the spousal share by challenging the legality and validity of the will. A Probate Court hearing on all of these matters was scheduled for March 6, 2013.

Prior to that hearing, however, the plaintiff filed an affidavit pursuant to § 45a-98a (a), in which he indicated his intention to remove the case to the Superior Court for a jury trial. The defendant objected to the affidavit, arguing that none of the matters before the Probate Court was eligible for removal because none involved a dispute over title to or the right to possession of estate property. At the March 6, 2013 hearing, the Probate Court examined each of the disputed matters to determine whether they were eligible for removal. The Probate Court concluded that only the defendant's motions to require the plaintiff to surrender personal property and to disclose information about joint assets were eligible for removal because they involved a dispute over title to or possession of estate property. As for the remaining matters, the Probate Court determined that they were not eligible for removal because they did not involve such a dispute. For reasons that are not clear from the record, written copies of the Probate Court's March 6, 2013 orders were not mailed to the parties until September 27, 2015, two and one-half years after the hearing. On October 22, 2015, the plaintiff filed a timely appeal from those orders, which is presently pending in the Superior Court. *Connery* v. *Gieske*, Superior Court, judicial district of Waterbury, Docket No. UWY-CV-15-6029343-S.

On April 15, 2013, the plaintiff filed a complaint in the Superior Court, in which he alleged, inter alia, that the Probate Court lacked jurisdiction over the matters decided at the March 6, 2013 hearing because the plaintiff previously had filed an affidavit pursuant to § 45a-98a (a) indicating his intention to remove those matters to the Superior Court. The plaintiff also alleged that he was appealing from the Probate Court's March 6, 2013 orders pursuant to § 45a-186 (a). Subsequently, the defendant filed a motion to dismiss the complaint, arguing that it was untimely and that, consequently, the trial court lacked jurisdiction over it. Specifically, the defendant argued that, under § 45a-186 (a), the plaintiff had thirty days to appeal from the Probate Court's

March 6, 2013 orders, which he failed to do.

In response, the plaintiff argued that the present action was not an appeal but an action challenging the Probate Court's retention of jurisdiction over the case after the plaintiff filed an affidavit pursuant to § 45a-98a (a). The plaintiff also argued that, even if the present action was an appeal, it was not barred by the statute of limitations because the Probate Court had not yet mailed copies of the March 6, 2013 orders to the parties, which, under § 45a-186 (a), is required to trigger the thirty day limitations period.

The trial court rejected the plaintiff's arguments, concluding that the "the retention of jurisdiction [by] the Probate Court [over] various claims and the refusal to release them for jury trial in the Superior Court pursuant to . . . [§] 45a-98a was within the jurisdiction of the Probate Court. As a result, an appeal pursuant to [General Statutes §§] 45a-186 and [45a-187] was the appropriate way to challenge [that] decision . . . ." (Footnote omitted.) The trial court further concluded that the appeal was untimely because it was not filed within thirty days of the date on which the parties received actual notice of the Probate Court's orders. In reaching this conclusion, the trial court rejected the plaintiff's assertion that, under the plain and unambiguous language of § 45a-186 (a), the time for filing an appeal does not begin to run until the Probate Court mails to the parties copies of the orders from which the appeal is being taken. In the trial court's view, that contention was untenable because, "taken to its logical conclusion, [it] would [mean] . . . that there is no limit to the time in which an oral order or decision of the Probate Court could be appealed. An equally unpalatable conclusion is that such orders cannot be appealed because they are not authorized by the applicable statute." "Either interpretation," the trial court concluded, "is repugnant" to the well established principle favoring the speedy settlement of estates.

In so concluding, the trial court also noted an apparent conflict between a provision in § 45a-186 (a) indicating that the appeals period commences with the mailing of the Probate Court's order or decree and General Statutes § 51-53,[5] which requires court clerks to immediately notify a party, in writing, of any decision of a court unless that party was present when the decision was rendered, in which case such notice is not required. Although the trial court acknowledged that, effective July 1, 2013, the Probate Court is required to "memorialize each oral ruling in writing"; Probate Court Rules § 3.3; it did not consider that rule to be relevant to its interpretation of § 45a-186 because that provision went into effect several months after the oral orders in the present case were rendered. The trial court reasoned that, because written notification of the orders was not required on March 6, 2013, giving effect to the plain

language of § 45a-186 would lead to "the type of 'absurd or unworkable' result that authorizes resort to legislative history," namely, an appeal theoretically could be taken at any time.

The trial court then turned to the legislative history of § 45a-187 for guidance, explaining that, prior to a 2011 amendment to § 45a-187 that became effective October 1, 2011; see Public Acts 2011, No. 11-128, § 13 (P.A. 11-128); § 45a-187 (a) provided in relevant part that "[a]n appeal under section 45a-186 . . . shall be taken within thirty days, except as otherwise provided in this section. . . ." General Statutes (Rev. to 2011) § 45a-187 (a). The court further explained that, in 2011, the legislature deleted this language from the statute and, in its place, added that an appeal from an order of the Probate Court "shall be taken within the time provided in section 45a-186 . . . ." P.A. 11-128, § 13, codified at General Statutes (Supp. 2012) § 45a-187 (a). The trial court noted that the 2011 amendment was necessary because, in 2007, § 45a-186 (a) was amended to include a forty-five day limitations period for certain specified appeals. See Public Acts 2007, No. 07-116, § 2 (P.A. 07-116), codified at General Statutes (Supp. 2008) § 45a-186 (a). According to the trial court, this 2007 amendment created considerable confusion about whether that statute's forty-five day limitations period or the thirty day limitations period of § 45a-187 (a) applied to the specified appeals. The trial court noted, however, that the legislative history surrounding the 2011 amendment gave no indication that, in addition to eliminating the aforementioned confusion, the legislature intended to overrule prior precedent interpreting the limitations period of § 45a-187 (a) as commencing at the time of actual notice. The trial court concluded, therefore, that the plaintiff's action was untimely and granted the defendant's motion to dismiss.

On appeal, the plaintiff claims that the trial court incorrectly concluded that the present action is an appeal. The plaintiff argues that, instead, it is an action to vindicate his right to a jury trial under § 45a-98a (a). The plaintiff maintains that the Probate Court lost jurisdiction over the case when he filed an affidavit pursuant to § 45a-98a (a) indicating his intent to remove the case to the Superior Court. The plaintiff further argues that, even if the present action is an appeal, the trial court incorrectly concluded that it is barred by the statute of limitations because, under § 45a-186 (a), the limitations period does not commence until the orders appealed from are mailed to the parties.

For the reasons set forth hereinafter, we conclude that the Probate Court had jurisdiction to decide the matters before it on March 6, 2013, and, therefore, the trial court properly treated the present action as an appeal. We further conclude that the trial court incorrectly determined that the appeal was barred by the

statute of limitations set forth in § 45a-186 (a) because it was not filed within thirty days of the March 6, 2013 hearing. Rather, we conclude that, consistent with the dictates of § 45a-186 (a), the statute of limitations began to run when the orders were mailed to the parties, which did not occur until September 27, 2015. It is apparent, therefore, that the defect in the plaintiff's appeal is not that it was filed too late but, rather, that it was filed too soon.

The following principles guide our resolution of this appeal. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . Whether an issue implicates subject matter jurisdiction is a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Heussner* v. *Hayes*, 289 Conn. 795, 802, 961 A.2d 365 (2008).

We previously have observed that courts of probate "are statutory tribunals that have no common-law jurisdiction. . . . Accordingly, [these courts] can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . [A] court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citations omitted; internal quotation marks omitted.) *In re Joshua S.*, 260 Conn. 182, 214, 796 A.2d 1141 (2002). Despite these limitations, it is axiomatic that courts, including courts of limited jurisdiction, "have jurisdiction to determine [their] own jurisdiction once [it] has been put in issue." *Castro* v. *Viera*, 207 Conn. 420, 430, 541 A.2d 1216 (1988); see also *Community Collaborative of Bridgeport, Inc.* v. *Ganim*, 241 Conn. 546, 552, 698 A.2d 245 (1997); *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 570–71, 651 A.2d 1246 (1995). Thus, contrary to the plaintiff's contention, the Probate Court clearly had jurisdiction to determine whether it had jurisdiction to decide the matters before it on March 6, 2013. Indeed, the plaintiff has cited no authority to the contrary. Accordingly, as the trial court concluded, once the Probate Court determined that it did have jurisdiction, the plaintiff's only recourse was to file an appeal in accordance with the provisions of § 45a-186 (a). See General Statutes § 45a-24 ("[a]ll orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud"); see also *Miller* v. *McNamara*, 135 Conn. 489, 496, 66 A.2d 359 (1949) ("the Superior Court has no jurisdiction to set aside a decree of a Probate Court except upon

an appeal").

We turn, therefore, to the question of whether the trial court correctly determined that the plaintiff's appeal was untimely because it was not filed within thirty days of the March 6, 2013 probate hearing. As we previously explained, the trial court concluded that the appeals period began to run at the time of the hearing because, under § 51-53, the Probate Court was not required to reduce its oral orders to writing, and because courts previously had interpreted the limitations period set forth in § 45a-187 (a) as commencing on the date of actual notice. We disagree with the trial court's interpretation of § 45a-186 for a number of reasons, not the least of which is that it fails to give effect to that statute's plain and unambiguous terms regarding the manner in which probate appeals are perfected. It is axiomatic that strict compliance with those terms is a prerequisite to an aggrieved party's right to appeal and to the Superior Court's jurisdiction over the appeal. The trial court's analysis also overlooks the fact that, in 2007, the legislature amended § 45a-186 as part of an overhaul of the procedures for filing probate appeals. See P.A. 07-116, § 2. The limitations period that was added to the statute at that time is wholly consistent with the other procedures adopted at that time. See P.A. 07-116, § 2. Our review of the trial court's interpretation of § 45a-186 is de novo.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Bender* v. *Bender*, 292 Conn. 696, 708, 975 A.2d 636 (2009).

In construing § 45a-186, we are also mindful of the "familiar principle that a court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject

to the same limitations." (Citations omitted.) *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44 (1963). It is also well established that "[t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met." *State* v. *Goggin*, 208 Conn. 606, 615, 546 A.2d 250 (1988); see also *Silverstein* v. *Camposeo*, 122 Conn. App. 338, 343, 999 A.2d 15 (appeal under § 45a-186 "[cannot be] perfected absent . . . strict compliance with all statutory requirements"), cert. denied, 298 Conn. 926, 5 A.3d 487 (2010). Thus, only "[w]hen the right to appeal . . . exists and the right has been duly exercised in the manner prescribed by law [does] the Superior Court [have] full jurisdiction over [it] . . . ." (Internal quotation marks omitted.) *Fuller* v. *Marvin*, 107 Conn. 354, 357, 140 A. 731 (1928).

Section 45a-186 (a) provides in relevant part: "Except as provided in sections 45a-187 and 45a-188, any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may, *not later than forty-five days after the mailing of an order*, denial or decree for a matter heard under any provision of section 45a-593, 45a-594, 45a-595 or 45a-597, sections 45a-644 to 45a-677, inclusive, or sections 45a-690 to 45a-705, inclusive, *and not later than thirty days after mailing of an order, denial or decree for any other matter in a Probate Court*, appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such Probate Court is located . . . . *The complaint shall state the reasons for the appeal. A copy of the order, denial or decree appealed from shall be attached to the complaint. . . .*" (Emphasis added.)

Section 45a-186 is abundantly clear. It provides that the general limitations period for filing a probate appeal, with certain exceptions inapplicable to this appeal, is either thirty or forty-five days, depending on the appeal, and begins to run when the order, denial or decree appealed from—which must be attached to the appellant's complaint—is mailed to the parties. Under the plain and unambiguous terms of the statute, therefore, the limitations period for the plaintiff's appeal commenced when the Probate Court mailed copies of the March 6, 2013 orders to the parties. Because that event did not occur until September 27, 2015, the trial court incorrectly determined that the plaintiff's appeal was filed beyond the applicable limitations period set forth in § 45a-186 (a). See, e.g., *Gates* v. *Gates*, 51 Conn. Supp. 148, 155, 975 A.2d 147 (2008) (plain and unambiguous language of § 45a-186 provides that limitations period for filing probate appeal commences with mailing of order or decree), aff'd, 115 Conn. App. 293, 971 A.2d 852, cert. denied, 293 Conn. 924, 980 A.2d 910 (2009). In fact, the appeal was filed too soon.

The trial court did not adhere to the plain language of § 45a-186 because, in its view, to do so would lead to an absurd and unworkable result in light of § 51-53. Unlike the trial court, we do not perceive a conflict between §§ 45a-186 and 51-53. The latter statute, which is located in a different title of the General Statutes that addresses the powers and duties of various judicial department personnel, provides that, unless a decision is rendered in the presence of counsel, it is the duty of the court clerk to immediately notify counsel, in writing or by electronic delivery, of the decision. See General Statutes § 51-53 (a). We do not believe that a court clerk's duty in this regard in any way conflicts with the Probate Court's implicit duty, under § 45a-186 (a), to issue written orders so that appeals can be perfected in the manner specified under that statute. Even if there were some tension between the two statutes, however, "[i]t is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute [that] might otherwise prove controlling. . . . The provisions of one statute [that] specifically focus on a particular problem will always, in the absence of express contrary legislative intent, be held to prevail over provisions of a different statute more general in its coverage." (Internal quotation marks omitted.) *Housatonic Railroad Co.* v. *Commissioner of Revenue Services*, 301 Conn. 268, 302, 21 A.3d 759 (2011). In the present case, therefore, the specific terms of § 45a-186 (a) governing the manner in which probate appeals are perfected necessarily trump the more general provisions of § 51-53 (a) addressing the duties of a court clerk.[6]

In reaching a contrary conclusion, the trial court also relied on the fact that, under the statute of limitations applicable to probate appeals before the 2007 amendment to § 45a-186; see P.A. 07-116, § 2; the appeals period commenced when a party received actual notice of the decree. The pre-2007 amendment version of the statute was part of a statutory scheme that did not require a party aggrieved by a decision of the Probate Court to attach a copy of that decision to his or her complaint in the Superior Court. Compare, e.g., General Statutes (Rev. to 2007) § 45a-186 (a), with General Statutes (Supp. 2008) § 45a-186 (a). As the Appellate Court explained in *Corneroli* v. *D'Amico*, 116 Conn. App. 59, 975 A.2d 107, cert. denied, 293 Conn. 928, 980 A.2d 909 (2009), "prior to October 1, 2007, an appeal from a judgment of a Probate Court was commenced by motion to that court. Although no particular form was prescribed for the motion, it was, nonetheless, a requisite step in the appeal process. . . . General Statutes [Rev. to 2007] § 45a-191, which was repealed by P.A. 07-116 [§ 33], provided that such motion must state the interest of the appellant, unless that interest appeared on the face of the proceedings and the record of the Probate Court. General Statutes [Rev. to 2007] § 45a-192, also

repealed by P.A. 07-116 [§ 33], required the Probate Court to issue an order specifying the notice to be given by the appellant to interested persons. Prior to the amendments of P.A. 07-116, [General Statutes (Rev. to 2007)] § 45a-186 (a) provided that '[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section. . . .' Subsection (b) of [General Statutes (Rev. to 2007)] § 45a-186 [in turn] provided that such appeals would be filed 'in the superior court for the judicial district in which such court of probate is located  . . . .' An appeal . . . had to be filed within thirty days. General Statutes [Rev. to 2007] § 45a-187 (a).

* * *

"The meaning of § 45a-186 (a), as amended by P.A. 07-116, ascertained both from its text and in relation to other statutes, is plain and unambiguous. It provides that an appeal [from] an order of the Probate Court is commenced by filing a complaint in the Superior Court. A complaint is filed when it is lodged with the clerk of the court. . . . The significant changes to this statute, brought about by [the] passage of P.A. 07-116 [§ 2], coupled with the simultaneous repeal of [General Statutes (Rev. to 2007)] §§ 45a-191 and 45a-192 . . . reveal a clear legislative intention to consolidate and even to simplify and to clarify the probate appeal process. In amending the statute, the legislature eliminated any previous requirement that an aggrieved party file a motion for permission to file an appeal with the Probate Court to commence [the] appeal." (Citations omitted.) *Corneroli* v. *D'Amico*, supra, 116 Conn. App. 63–65. In its place, however, the legislature enacted two new requirements, one explicit and one implicit: (1) that the aggrieved party attach a copy of the order or decision appealed from to his or her complaint in the Superior Court; see P.A. 07-116, § 2, codified at General Statutes (Supp. 2008) § 45a-186 (a); and (2) that the Probate Court enable compliance with the first requirement by providing the aggrieved party with a copy of the order or decision.

Problems evidently arose, as they often do, with the implementation of the new statutory scheme. One of them was the legislature's failure to repeal the old statute of limitations, which, as we previously discussed, the legislature addressed in 2011. See P.A. 11-128, § 13. Another was the legislature's apparent failure to make sufficiently clear that oral orders of the Probate Court must be reduced to writing so that appeals can be perfected in the manner specified under the new law. That problem also was addressed in 2013, with the adoption of § 3.3 of the Probate Court Rules. We do not believe, however, that either problem rendered the statute of limitations set forth in § 45a-186 unworkable, as the

trial court concluded.

We nevertheless affirm the trial court's judgment in light of the fact that the Probate Court did not issue a written decision until more than two years after the plaintiff filed this appeal, such that a copy of the decision could not be appended to the complaint as required by § 45a-186 (a). See, e.g., *State* v. *Goggin*, supra, 208 Conn. 615 ("[t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met"). The plaintiff, however, as we previously indicated, filed another appeal following the issuance of the Probate Court's written decision, which is presently pending in the judicial district of Waterbury. Our resolution of the parties' claims means that that appeal may proceed in the ordinary course.

The judgment is affirmed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson. Although Justice Eveleigh was not present at oral argument, he has read the briefs and appendices, and has listened to a recording of oral argument prior to participating in this decision.

[1] The decedent's children, Fletcher Williams Moore, John Parker Moore and Gwendolyn Calla Moore Gelb, are also defendants in this action. In the interest of simplicity, we refer to Gieske as the defendant throughout this opinion.

[2] General Statutes § 45a-186 (a) provides in relevant part: "Except as provided in sections 45a-187 and 45a-188, any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may, not later than forty-five days after the mailing of an order, denial or decree for a matter heard under any provision of section 45a-593, 45a-594, 45a-595 or 45a-597, sections 45a-644 to 45a-677, inclusive, or sections 45a-690 to 45a-705, inclusive, and not later than thirty days after mailing of an order, denial or decree for any other matter in a Probate Court, appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such Probate Court is located . . . . The complaint shall state the reasons for the appeal. A copy of the order, denial or decree appealed from shall be attached to the complaint. . . ."

[3] General Statutes § 45a-98a provides: "(a) The Probate Court shall have jurisdiction under subdivision (3), (4) or (5) of subsection (a) of section 45a-98 only if (1) the matter in dispute is not pending in another court of competent jurisdiction and (2) the Probate Court does not decline jurisdiction. Before the initial hearing on the merits of a matter in dispute in which jurisdiction is based on subdivision (3), (4) or (5) of subsection (a) of section 45a-98, the Probate Court may, on its own motion, decline to take jurisdiction of the matter in dispute. Before the initial hearing on the merits of such a matter, any interested person may file an affidavit that such person is entitled and intends under section 52-215 to claim a trial of the matter by jury. In that case, the Probate Court shall allow the person filing the affidavit a period of sixty days within which to bring an appropriate civil action in the Superior Court to resolve the matter in dispute. If such an action is brought in the Superior Court, the matter, after determination by the Superior Court, shall be returned to the Probate Court for completion of the Probate Court proceedings.

"(b) If a party fails to file an affidavit of intent to claim a jury trial prior to the initial hearing in the Probate Court on the merits, or having filed such an affidavit, fails to bring an action in the Superior Court within the sixty-day period allowed by the Probate Court, the party shall be deemed to have consented to a hearing on the matter in the Probate Court and to have waived any right under section 52-215 or other applicable law to a trial by jury."

General Statutes § 45a-98 (a), in turn, provides in relevant part: "Courts

of probate in their respective districts shall have the power to (1) grant administration of intestate estates . . . (2) admit wills to probate . . . (3) . . . determine title or rights of possession and use in and to any real, tangible or intangible property that constitutes, or may constitute, all or part of any trust, any decedent's estate, or any estate under control of a guardian or conservator . . . (4) . . . construe the meaning and effect of any will or trust agreement if a construction is required in connection with the administration or distribution of a trust or estate . . . (5) . . . apply the doctrine of cy pres or approximation; (6) . . . call executors, administrators, trustees, guardians, conservators, persons appointed to sell the land of minors, and attorneys-in-fact . . . to account concerning the estates entrusted to their charge; and (7) make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state."

[4] In the June 4, 2012 notice, the plaintiff also alleged that he sustained damages arising out of unspecified events occurring at his residence on February 11, 2012. The Probate Court declined to exercise jurisdiction over that claim, however, because the plaintiff already had filed an action in the Superior Court asserting the same or a similar claim.

[5] General Statutes § 51-53 provides in relevant part: "(a) Whenever any court, including a court of probate . . . in any matter . . . makes or renders any decision, order, decree, denial or ruling, unless it is made or rendered in the presence of counsel in the matter, the clerk of the court shall immediately notify counsel and any appearing party, in writing . . . of the decision, order, decree, denial or ruling. . . .

"(b) The time limited by law for commencing appellate proceedings on the decision, order, decree, denial or ruling shall date from the time when such notice is issued by the clerk."

[6] We note that the trial court also reasoned that its interpretation that the appeals period commenced at the time of actual notice was consistent with Practice Book § 63-1 (b), which governs appeals from decisions of the Superior Court and provides in relevant part: "If notice of the judgment or decision is given in open court, the appeal period shall begin on that day. If notice is given only by mail, the appeal period shall begin on the day that notice was mailed to counsel of record by the clerk of the trial court. . . ." We believe that the absence of similar language in § 45a-186 (a) or in the Probate Court Rules of Procedure should compel the opposite conclusion. In any event, it is well established that "[a]n appeal from a probate order or decree to the Superior Court is not a civil cause of action. It has no more of the ordinary attributes of a civil action than the original proceedings in the court of probate." *Silverstein's Appeal from Probate*, 13 Conn. App. 45, 53, 534 A.2d 1223 (1987); see also *Slattery* v. *Woodin*, 90 Conn. 48, 50, 96 A. 178 (1915) ("[a]ppeals from probate are not 'actions' or 'civil causes or actions, between party and party' "). The trial court's reliance on Practice Book § 63-1 (b), therefore, was misplaced.