******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JAMES SESSA *v.* MATTHEW C. REALE, ADMINISTRATOR (ESTATE OF JOHNSON LEE)
## (AC 44328)

Prescott, Clark and DiPentima, Js.

*Syllabus*

The plaintiff appealed to the Superior Court from the decree of the Probate Court denying his application to hear and decide a rejected claim. The plaintiff alleged that certain of his personal property was lost in a fire that destroyed a house owned by an estate that was administered by the defendant. The defendant received insurance proceeds, which included an amount for the personal property loss incurred by the plaintiff. The Probate Court issued a decree permitting the defendant to pay certain of the insurance proceeds to the plaintiff on the condition that he provide an affidavit of ownership for the destroyed items. The plaintiff, however, asserted that he was not notified of the decree and, despite his repeated efforts to obtain payment, the proceeds were never distributed. Following the appointment of a successor administrator to the estate, the plaintiff requested that the defendant act on his claim, which the defendant then rejected in its entirety. Thereafter, pursuant to the applicable statute (§ 45a-364 (a)), the plaintiff presented to the Probate Court an application to hear and decide the rejected claim. The Probate Court denied the application, stating that its prior ruling permitting the payment of certain insurance proceeds to the plaintiff was dispositive of the matter. The plaintiff then filed a complaint for appeal from probate in the Superior Court pursuant to statute (§ 45a-186). The defendant filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the plaintiff was not permitted to file a probate appeal following the denial of his application and, instead, should have commenced suit in accordance with § 45a-364. The Superior Court granted the defendant's motion to dismiss, and the plaintiff appealed to this court. *Held*:

1. The Superior Court properly granted the defendant's motion to dismiss because the Probate Court's decree was a denial of the plaintiff's application to hear and decide the rejected claim, and the court, therefore, lacked subject matter jurisdiction to entertain the plaintiff's purported appeal: the plaintiff brought the probate appeal pursuant to § 45a-186, which limits the jurisdiction of the Superior Court to that of a Probate Court, and, as such, the Superior Court was not statutorily conferred with jurisdiction over the appeal because the proper procedure was to commerce suit in the Superior Court pursuant to § 45a-364 (b); moreover, the plaintiff's assumption that the Probate Court did not deny his application but, rather, effectively granted his application and considered his underlying rejected claim on its merits was mistaken, as the Probate Court expressly stated that it denied the application, and the fact that it provided reasoning for its denial by mentioning an earlier decree that it found to be dispositive of the claim did not eliminate that fact.

2. This court declined to engage in a discussion of the plaintiff's alternative argument that the trial court improperly granted the defendant's motion to dismiss because an alleged failure to satisfy the time requirement of § 45a-364 (b) for commencing suit must be raised by way of special defense rather than by a motion to dismiss: the issue of whether the plaintiff's failure to follow the procedures set forth in § 45a-364 (b) deprived the Superior Court of subject matter jurisdiction over his probate appeal was properly presented in the defendant's motion to dismiss because it related to the subject matter jurisdiction of the court, and the plaintiff's hypothetical claim was immaterial because the plaintiff did not file an action pursuant to § 45a-364 (b).

Argued February 2—officially released June 7, 2022

*Procedural History*

Appeal from the decree of the Probate Court for the

district of Darien-New Canaan denying the plaintiff's application to hear and decide a rejected claim, brought to the Superior Court in the judicial district of Stamford-Norwalk, where Julia Lee, administratrix of the estate of Johnson Lee, was substituted as the defendant; thereafter, the court, *Hon. Kenneth B. Povodator*, judge trial referee, granted the substitute defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*David V. DeRosa*, for the appellant (plaintiff).

*Allison M. Near*, with whom, on the brief, were *Joseph E. Gasser* and *John L. Ponzini*, for the appellee (substitute defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, James Sessa, appeals from the judgment of the Superior Court granting the motion of the substitute defendant, Julia Lee,[1] administratrix of the estate of Johnson Lee (estate), to dismiss for lack of subject matter jurisdiction his probate appeal taken from the Probate Court's denial of his application to hear and decide a rejected claim. On appeal, the plaintiff claims that (1) because the Probate Court decided the merits of the rejected claim underlying his application, rather than denying the application, the language in General Statutes § 45a-364 (b) requiring the commencement of suit following a Probate Court's denial of an application to hear and decide a rejected claim did not apply, and, therefore, the Superior Court had subject matter jurisdiction over his probate appeal; and (2) in the alternative, the court improperly granted the defendant's motion to dismiss because an alleged failure to satisfy the time requirement in § 45a-364 (b) for commencing suit must be raised by way of a special defense rather than by a motion to dismiss. We affirm the judgment of the Superior Court.

The following facts, as alleged in the plaintiff's amended probate appeal or as otherwise undisputed in the record, and procedural history are relevant. Johnson Lee died in 2005, and, in 2008, a fire destroyed his house, which was then owned by the estate. The plaintiff alleged that personal property belonging to him was destroyed in the fire. He further alleged that, in 2008, Donald Gustafson, the then administrator of the estate, submitted to the insurance company a claim for $966,000, which included an amount of personal property loss incurred by the plaintiff as a result of the fire ($188,595.07) as well as amounts of personal property loss incurred by other claimants. Although Gustafson received $966,000 from the insurance company for personal property loss from the fire, the plaintiff alleged that Gustafson did not distribute any of the proceeds to him. From 2009 to 2012, the plaintiff repeatedly and unsuccessfully sought payment from Gustafson of his share of the insurance proceeds. In September, 2010, Gustafson filed an application in the Probate Court for permission to pay certain proceeds of insurance to the plaintiff and Jonathan K. Lee (Gustafson application). On September 27, 2010, the Probate Court issued a decree (2010 decree), permitting the administrator of the estate to pay up to $9210.97 of the insurance proceeds to the plaintiff on the condition that he provide an affidavit of ownership for the personal property items he claimed were destroyed in the fire.

In 2012, following Gustafson's resignation, Matthew C. Reale was appointed as the successor administrator of the estate. The plaintiff alleged that, on or about August 11, 2015, he requested, through counsel, that Reale act on his claim against the estate and that, on

or about August 12, 2015, Reale informed the plaintiff's counsel that his claim against the estate had been rejected in its entirety pursuant to General Statutes § 45a-360.[2]

In November, 2015, pursuant to § 45a-364 (a),[3] the plaintiff presented to the Probate Court an application to hear and decide the rejected claim (2015 application). On January 14, 2016, the Probate Court ruled on the 2015 application and stated: "On September 27, 2010, this court heard and ruled upon a motion for permission to pay certain insurance proceeds to [the plaintiff] and Jonathan K. Lee. That ruling, dated September 27, 2010, is determinative of [the 2015] application. And it is ORDERED AND DECREED that: The Application to Hear and Decide Rejected Claim is hereby denied."

On February 19, 2016, the plaintiff filed a "Complaint for Appeal from Probate" in the Superior Court pursuant to General Statutes § 45a-186.[4] On July 14, 2017, the plaintiff filed an amended probate appeal in which he claimed that the Probate Court erred in concluding that the 2010 decree of the Probate Court was determinative of his 2015 application. In support thereof, he asserted that the Gustafson application was not relevant to the merits of his 2015 application, that his right to due process was violated because he was not provided with notice of either the Gustafson application or the 2010 decree, and that his claim against the estate for fire insurance proceeds was not acted on until his 2015 application was rejected by Reale in 2015. In his amended probate appeal, the plaintiff sought relief in the form of vacating the January 14, 2016 decree of the Probate Court (2016 decree) and "[c]onsidering and allowing the [plaintiff's] claim on the merits pursuant to . . . § 45a-364, plus interest."

On October 21, 2019, the defendant filed a motion to dismiss the plaintiff's probate appeal for lack of subject matter jurisdiction. In a memorandum of law in support of the motion to dismiss, the defendant argued that the Superior Court lacked subject matter jurisdiction over the plaintiff's probate appeal because an appeal cannot be brought in the Superior Court following the Probate Court's denial of an application to hear and decide a rejected claim. Rather, in accordance with § 45a-364 (b), the proper procedure following a denial by a court of probate of a claimant's application to hear and decide a rejected claim is to commence suit on that purported claim.

The plaintiff filed an opposition to the defendant's motion to dismiss in which he argued that the Superior Court had subject matter jurisdiction over his probate appeal. He argued that, "[u]nder normal circumstances involving § 45a-364, the Probate Court denies an application to hear and decide a rejected claim on a standalone basis . . . . Pursuant to § 45a-364 (b), the aggrieved claimant would then 'commence suit within

one hundred twenty days from and including the date of the denial of the claimant's application or be barred from asserting or recovering on such claim . . . .' The circumstances in this case are far from normal and do not implicate § 45a-364 as a matter of law. On its face, the 2016 decree did not 'deny' [the 2015] application . . . . Rather, the 2016 decree expressly served to implicate the law of the case doctrine relative to the Probate Court's 2010 decree . . . ."[5] (Citation omitted.) He argued in the alternative that, assuming § 45a-364 was applicable, any failure to comply with that statute did not implicate the subject matter jurisdiction of the Superior Court sitting as a Probate Court on appeal and, additionally, that he had complied with its provisions. On September 29, 2020, the Superior Court rejected the plaintiff's arguments and granted the defendant's motion to dismiss. The court concluded that, because the plaintiff invoked the limited jurisdiction of the Superior Court by commencing a probate appeal pursuant to § 45a-186, rather than having invoked the general jurisdiction of the Superior Court by commencing a civil action pursuant to § 45a-364 (b), the Superior Court, sitting as a court of probate, "lacks subject matter jurisdiction over a claim now purported to be before the court under the authority of § 45a-364 (b)." This appeal followed.

I

The plaintiff claims that, because the Probate Court decided his rejected claim on the merits rather than denying the 2015 application, § 45a-364 (b) did not apply. He argues that he was not subject to the language of that statute requiring commencement of suit following a Probate Court's denial of an application to hear and decide a rejected claim. He contends that the Superior Court had subject matter jurisdiction over his probate appeal and that it improperly granted the motion to dismiss. We must therefore determine whether the court decided the merits of the plaintiff's challenge to the rejected claim, which might permit the plaintiff to appeal to the Superior Court pursuant to § 45a-186, or whether, instead, the court denied the application to hear and decide that claim, which would require commencement of suit in the Superior Court in accordance with § 45-364 (b). We conclude that the Probate Court's 2016 decree was a denial of the 2015 application to hear and decide the rejected claim and that the trial court therefore lacked subject matter jurisdiction to entertain the plaintiff's purported appeal pursuant to § 45a-186.

In the present case, because no jurisdictional facts are in dispute, our review of the Superior Court's decision on the motion to dismiss is plenary. See *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 219, 815 A.2d 281 (2003).

We begin our analysis with an overview of the statu-

tory procedures available to a party who has a claim against an estate. See *Keller* v. *Beckenstein*, 305 Conn. 523, 533–34, 46 A.3d 102 (2012). A claim against an estate is first presented to the fiduciary.[6] See General Statutes § 45a-358 (a). If the claim is rejected by the fiduciary or is deemed to have been rejected by the fiduciary; see General Statutes § 45a-360; then a claimant has two alternative avenues to pursue to avoid being barred from asserting or recovering on the rejected claim: the claimant may commence suit in the Superior Court within 120 days from the date of rejection or may file an application in the Probate Court pursuant to § 45a-364 to review the rejected claim. See General Statutes §§ 45a-363 (b) and 45a-364 (a). If a claimant files an application in the Probate Court to hear and decide his rejected claim and if the Probate Court denies that application, then, according to § 45a-364 (b), the proper procedure is to commence suit in the Superior Court.

Here, the plaintiff did not follow the procedures set forth in § 45a-364 (b), which explicitly provides in relevant part: "If the application to receive and decide such claim by the court . . . is denied, the claimant shall commence suit within one hundred twenty days from and including the date of the denial of the claimant's application or be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate." Instead, he brought an appeal under § 45a-186, which limits the jurisdiction of the Superior Court. "In acting on an appeal from probate, the Superior Court does not exercise the jurisdictional powers vested in it by the constitution but, instead, exercises a special and limited jurisdiction conferred on it by the statutes." (Internal quotation marks omitted.) *Corneroli* v. *D'Amico*, 116 Conn. App. 59, 63, 975 A.2d 107, cert. denied, 293 Conn. 928, 980 A.2d 909 (2009). It is well established that the Probate Court has limited jurisdiction and "can exercise only such powers as are conferred on [it] by statute. . . . [A] court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Connery* v. *Gieske*, 323 Conn. 377, 388, 147 A.3d 94 (2016). "It is . . . well established that [t]he right to appeal from a decree of the Probate Court is purely statutory . . . ." (Internal quotation marks omitted.) Id., 390. Thus, when a § 45a-186 appeal is brought to the Superior Court, its jurisdiction is limited to that of the Probate Court, and, as such, a Superior Court is not statutorily conferred with jurisdiction over a probate appeal from a denial of an application to hear and decide a rejected claim because the proper procedure, as set forth in § 45a-364 (b), is to commence suit in the Superior Court following the denial of an application to hear and decide a rejected claim. "A statute which provides that a thing shall be

done in a certain way carries with it an implied prohibition against doing that thing in any other way." (Internal quotation marks omitted.) *HUD/Barbour-Waverly* v. *Wilson,* 235 Conn. 650, 657, 668 A.2d 1309 (1995).

The plaintiff argues that the requirement to commence suit in § 45a-364 (b) does not apply because the Probate Court did not " 'deny' " his 2015 application. Rather, he contends, § 45a-186 (b) applies because, instead of denying his 2015 application, the Probate Court decided his 2015 application on the merits by "reaffirming a totally unrelated decision" of the Probate Court concerning the Gustafson application, and, as a result, his only remedy was to file a probate appeal. The plaintiff does *not* argue that, if the decision of the Probate Court is properly construed as a denial of the 2015 application, then the Superior Court nonetheless had jurisdiction over his appeal. Rather, he argues only that the Probate Court's decision on the 2015 application was "on the merits" so that an appeal pursuant to § 45a-186 (b) was the appropriate remedy. Specifically, he argues: "The language of . . . § 45a-364 (b) indicates that the necessity to file a separate suit within 120 days or be barred from collecting from the estate is only triggered when the Probate Court denies considering the merits of the [2015] application to receive and decide such a claim by the court . . . .

* * *

In short . . . § 45a-364 (b) when properly read turns on whether the Probate Court will decide the merits or substance of a claim rejected by the fiduciary and gives the Probate Court the discretion not to even consider the application to review and decide the rejected claim by the claimant. If the Probate Court does not act or refuses to act, then the claimant's only remedy is to then bring suit on the claim against the estate in the Superior Court. If, however, the Probate Court does act on the merits or substance of the claim, then the only remedy is to appeal that decision under . . . § 45a-186."

Our resolution of the plaintiff's claim requires us to construe the 2016 decree of the Probate Court. "Because [t]he construction of [an order or] judgment is a question of law for the court . . . our review . . . is plenary. As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager,* 288 Conn. 69, 91–92, 952 A.2d 1 (2008).

The plaintiff's argument that the Superior Court had subject matter jurisdiction over his probate appeal assumes that the Probate Court did not deny his 2015 application but, rather, effectively granted his 2015 application and considered the underlying rejected claim on its merits. That assumption is mistaken. The Probate Court has the discretion to decide whether to grant or deny an application to hear and decide a rejected claim. See General Statutes § 45a-364 (a) ("[t]he court may, in its discretion, grant the application"). In exercise of that discretion, the Probate Court expressly stated that "it is ORDERED AND DECREED that: The Application to Hear and Decide Rejected Claim is hereby denied."[7] The fact that the Probate Court provided reasoning for its denial of the plaintiff's 2015 application by mentioning an earlier decree that it found dispositive of the claim, essentially invoking the law of the case doctrine,[8] instead of rejecting the 2015 application in a more conclusory fashion, does not eliminate the fact that the court expressly stated that it had "denied" the 2015 application, thereby declining to hear or decide the 2015 application on the merits. The most reasonable interpretation of the 2016 decree is that the court intended to deny the 2015 application. To construe the 2016 decree of the Probate Court as the plaintiff would suggest, despite its language of the court to the contrary, could constrain Probate Courts from providing reasons for a denial of a claimant's application, which we decline to do. Because the plaintiff's argument is based on a mistaken interpretation of the Probate Court's decision regarding the 2015 application, we reject it.

Additionally, as we noted earlier, the plaintiff is not challenging the applicability of § 45a-364 (b) when a Probate Court denies an application to hear and decide a rejected claim. Because we have determined that § 45a-364 (b) applies so that the Superior Court lacked subject matter jurisdiction, we affirm the Superior Court's decision to grant the motion to dismiss the plaintiff's probate appeal taken from the *denial* of the 2015 application. See, e.g., *Connery* v. *Gieske*, supra, 323 Conn. 388 (Probate Court's jurisdiction is limited by statute); see also General Statutes § 45a-364 (b).

## II

The plaintiff alternatively claims that the court improperly granted the motion to dismiss because an alleged failure to satisfy the time requirement in § 45a-364 (b) for commencing suit must be raised by way of special defense rather than by a motion to dismiss. Specifically, he contends that, "even if [he] was supposed to file a lawsuit under . . . § 45a-364 (b), there is long-standing precedent that the remedy is not to dismiss the case but to require the defendant to plead the statute of limitations as a special defense." We decline to engage in such immaterial and hypothetical

musings. The plaintiff did not file an action in the Superior Court under § 45a-364 (b); he filed a probate appeal under § 45a-186. The issue decided by the court was whether the plaintiff's failure to follow the procedures set forth in § 45a-364 (b) after the Probate Court denied his 2015 application deprived the Superior Court of subject matter jurisdiction over his probate appeal. The issue raised by the defendant was properly presented in a motion to dismiss because it related to the subject matter jurisdiction of the court. See, e.g., *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, supra, 75 Conn. App. 219.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint in the underlying probate appeal initially named Matthew C. Reale, administrator of the estate of Johnson Lee, as the defendant. In June, 2019, the court granted the motion filed by Julia Lee, as administratrix of the estate of Johnson Lee, to substitute herself as the defendant in place of Reale. All references herein to the defendant are to Julia Lee in her capacity as administratrix.

[2] General Statutes § 45a-360, which concerns the allowance or rejection of claims, provides: "(a) The fiduciary shall: (1) Give notice to a person presenting a claim of the rejection of all or any part of his claim, (2) give notice to any such claimant of the allowance of his claim, or (3) pay the claim.

"(b) A notice rejecting a claim in whole or in part shall state the reasons therefor, but such statement shall not bar the raising of additional defenses to such claim subsequently.

"(c) If the fiduciary fails to reject, allow or pay the claim within ninety days from the date that it was presented to the fiduciary as provided by section 45a-358, the claimant may give notice to the fiduciary to act upon the claim as provided by subsection (a) of this section. If the fiduciary fails to reject, allow or pay the claim within thirty days from the date of such notice, the claim shall be deemed to have been rejected on the expiration of such thirty-day period."

[3] General Statutes § 45a-364 (a) provides in relevant part: "Whenever a claim has been rejected, in whole or in part, as provided in section 45a-360, the person whose claim has been rejected may, within thirty days from and including the date of such rejection, make application to the Probate Court to hear and decide such claim . . . ."

[4] The version of the statute that was in effect at the time the plaintiff filed his probate appeal provided in relevant part that "any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may . . . appeal therefrom to the Superior Court. . . ." General Statutes (Rev. to 2015) § 45a-186 (a). Since then, that statute has been amended to read in relevant part that "[a]ny person aggrieved by an order, denial or decree of a Probate Court may appeal therefrom to the Superior Court. . . ." General Statutes § 45a-186 (b). We note that, although the legislature has amended § 45a-186 since the events underlying this appeal; see Public Acts 2016, No. 16-49, § 17; Public Acts 2019, No. 19-47; Public Acts 2021, No. 21-40; Public Acts 2021, No. 21-100, § 8; those amendments have no bearing on the outcome of this appeal. All references herein to § 45a-186 are to the current revision of the statute.

[5] "The law of the case doctrine expresses the practice of judges generally to refuse to reopen what [already] has been decided . . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . [When] a matter has previously been ruled [on] interlocutorily, the court . . . may treat that [prior] decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if . . . [a judge] becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Citations omitted; internal quotation marks omitted.) *Total Recycling Services of Connecticut, Inc.* v. *Connecticut*

*Oil Recycling Services, LLC,* 308 Conn. 312, 322, 63 A.3d 896 (2013).

[6] General Statutes § 45a-353 (d) defines " 'claim' " as "all claims against a decedent (1) existing at the time of the decedent's death or (2) arising after the decedent's death, including, but not limited to, claims which are mature, unmatured, liquidated, unliquidated, contingent, founded in tort, or in the nature of exoneration, specific performance or replevin . . . ."

[7] In his "Amended Complaint for Appeal from Probate," the plaintiff appears to admit that the Probate Court's 2016 decree constituted a denial of his 2015 application when he states in the opening paragraph that he "hereby appeals from the decree of the Darien-New Canaan Probate Court . . . dated January 14, 2016 . . . *denying* the 'Application to Hear and Decide Rejected Claim' dated November 18, 2015 . . . ." (Emphasis added.)

[8] We express no opinion as to whether the Probate Court properly applied the law of the case doctrine. Regardless of any reasoning provided by the Probate Court for denying the 2015 application, what is pertinent to our analysis is that the Probate Court denied the 2015 application.

---